## DRAPERT *v.* THE STATE.

Under the present liquor law, a remonstrant against the issuing of license to retail, cannot. appeal from the decision of the county board as to the fitness of the applicant. The general act (1 R. S. p. 229) does not apply.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—*Paul Drapert*, of the city of *Richmond, Indiana*, applied to the commissioners of *Wayne* county, at one of their regular sessions, for a license to retail spirituous liquors on a certain lot, upon a certain street, in said city. He proved publication of notice.

One *Edwin M. Cook* availed himself of the privilege, allowed by statute to any and every citizen of the township, to remonstrate against granting license to *Paul*, because of his unfitness to conduct the business of retailing; but the board of commissioners, being satisfied that *Paul* had the moral fitness required by the statute, granted the license. *Paul* filed his bond with the auditor, which was approved; and further, he promptly complied, on being "requested to pay to the treasurer of said county 50 dollars, as a fee for license for one year, to be applied and expended for common school purposes;" took the treasurer's receipt therefor, and filed the same with the auditor, together with the order of the board granting the license, and upon them demanded the license; but the auditor, in response to the demand, informed *Paul* that the remonstrant,

*Tuesday, May 29.*

*Cook,* had filed with him an appeal-bond in the cause, and that he should, therefore, not comply with the demand for license.

*Paul* went home and commenced retailing; whereupon *John H. Popp,* Esq., the district attorney, commenced popping at him writs upon informations filed, charging him with violations of law. *Paul* defended on the ground that no such appeal lay in the case; and, hence, that that attempted to be taken, did not suspend his right to retail under the order of the board; and, on this point, we concur in opinion with him.

The liquor act requiring the license, does not provide for an appeal; and we do not think the general provision in 1 R. S. p. 229, allowing appeals from decisions of county boards to any person aggrieved, applies to the case. We think that section allows appeals only to parties having a pecuniary or other interest, beyond a mere moral one. So of the provisions allowing appeals in cases of highways. 1 R. S. pp. 312, 314. Such have been the cases in which appeals have been allowed under similar statutes. Ind. Dig., p. 120. Private property is taken for highways; they belong to the public, and involve taxation of all the citizens. In cases of contested elections, appeals are allowed. In these, legal and constitutional rights are involved, and appeal is specially authorized, not claimed under the general statute. 1 R. S. p. 272. But the appeal in these cases must be taken in ten days. *Ibid.*

Under the liquor law, the retailing of spirituous liquor is made legal. The traffic is sanctioned by the state; the commissioners have only to determine upon the question of compliance, by those proposing to engage in it, with conditions precedent. In this question, it cannot be said that citizens generally have, in the legal sense of the term, a pecuniary interest, or one where a personal political right can be affected. These interests are in the great question of traffic or no traffic at all, in the article; not in the question of the particular individuals who shall carry on the traffic. As a cautionary measure, any person has a right to remonstrate against the moral character of an applicant

for license. This is for the purpose of producing, on the part of the board, a closer scrutiny into the character of the applicant; not to raise an issue, as in a civil cause, between the applicant and remonstrant, involving a jury trial, &c. It would seem that the granting of license is a ministerial act. See *The Board, &c.* v. *Spitler*, 13 Ind. R. 235.

Again: It is manifest from the provisions and object of the statute that no appeal was contemplated in favor of persons having merely a social or moral interest in the subject.

The commissioners order the license upon bond filed and 50 dollars paid. It is imperatively made the duty of the auditor to issue it at once. He has no discretion; and upon the grant of license, the person to whom it is issued may immediately sell under it. Moreover, it issues upon a valuable consideration. The license is, in a sense, purchased. Now, the law allows an appeal, if it allows one at all, to be taken at any time within thirty days. But, in the meantime, the licensee has been selling, and the county has been using his money. Suppose an appeal taken after the business has been carried on under the license for twenty-nine days, and the grant of license reversed. Will it operate in the nature of an *ex post facto* law, rendering criminal all acts done under the license? Will it entitle the licensee to a return of his money and interest?

The very nature of the case shows that no appeal from a grant of license was contemplated. The fact is, the granting of license under the law, is a question between the applicant and the county; and the county can no more appeal from her own grant, than the state can appeal in criminal cases in the absence of an express statute providing for it.

If the license is refused where the applicant is entitled to it, a legal right is impaired, is denied, in fact, and the injured party should have redress by appeal or mandate; but on this point we need now make no examination.

May Term,    As the case at bar stands, the issuing of the license by
1860.    the auditor was a mere ministerial act, and his failure to

McFARLAND    perform it must not work prejudice.
v.
BIRDSALL.        *Per Curiam.*—The judgment is reversed. Cause re-
manded, &c.

W. A. *Bickle* and C. H. *Burchenal,* for the appellant.

J. H. *Popp,* for the state.