WRIGHT, Auditor of Marion County, *v.* HARRIS and Others.

LIQUOR LICENSE.—REMONSTRANCE.—APPEAL.—The act of 1861, giving an appeal to the remonstrant from the decision of the county board granting a license to sell liquor, (Acts 1861, p. 143) is only declaratory of a right which already existed under the general statute authorizing appeals from the decisions of the county boards. 1 G. &. H., sec. 31, p. 253.

SAME.—OVERRULED CASE.—The case of *Drapert* v. *The State*, 14 Ind. 123 is overruled upon this point.

SAME.—APPEAL BOND.—The party appealing must give an appeal bond, as required by the general statute authorizing such appeals.

APPEAL from the *Marion* Civil Circuit Court.

FRAZER, J.—The appellees, remonstrants against an application for license to sell liquors, appealed from the order of the board of commissioners granting the license, but failing to give an appeal bond, the auditor refused to certify the proceedings to the Circuit Court. The appellees proceeded

by mandate to compel him to do so, and succeeded in the court below, and the auditor appeals.

The act of 1861, which expressly gives the appeal, stops there, being silent as to any bond, and indeed silent as to everything save giving the right of appeal, and a jury trial in the court to which the cause is carried by appeal. It is likewise silent as to the duty of the auditor when such appeal is taken. It requires nothing of that officer. Acts 1861, p. 143. Doubtless the statute was passed in consequence of the decision of this court in *Drapert* v. *The State*, 14 Ind. 123, in which it was held that the remonstrant, under the act of 1859, had no right of appeal in such cases. That decision, as will be seen from an examination of it, is based chiefly upon the ground that the nature of the proceeding was of such a peculiar character that the legislature could not have intended to allow an appeal to persons resisting the grant of the license. This view was supported mainly in consequence of certain specified inconveniences to the petitioner which it was supposed would result if an appeal were allowed. The opinion was also advanced that the community had no appreciable interest in the subject, after the board of commissioners had taken action by granting the license; that the citizen could not be injured in any of his rights which the law was intended to protect, by the issuing of a license to an unfit person to engage in this traffic. This latter proposition does not, however, meet the concurrence of any member of the court, as now constituted. Indeed, it seems too obvious to need argument or illustration, that the citizen might and often would be most seriously injured pecuniarily, if it be granted that the law was intended only to guard pecuniary interest, by the establishment of tippling houses in his vicinity, under the management of unfit and unscrupulous proprietors.

Indeed, it seems to us that *Drapert* v. *The State, supra.*, was not correctly decided. It was not doubted, but expressly said in that case, that the petitioner might appeal from the county board if the decision of that tribunal was adverse

to him.  This could only be because another statute (1 G. & H., § 31, p. 253) provides generally that "from all decisions of such commissioners there shall be allowed an appeal to the Circuit or Common Pleas court, by any person aggrieved," and directs the method of taking such appeal. The granting of a license involves the decision of a question of fact, which is to be based upon evidence, and upon which the remonstrant has a right to be heard.  That question is, whether the applicant is a man of good character and fit to be trusted.  1 G. & H., §§ 3, 4, p. 614.  We can perceive no satisfactory reason for holding that the statute giving the right of appeal in the broad language above quoted, shall be for the benefit of the liquor dealer, but not for the citizen who contests the fact of his fitness to be entrusted with a license.  It is not on the ground of the immorality of the traffic that the latter may remonstrate against granting the license, but expressly on account of the "immorality or other unfitness" of the applicant.  The law tolerates the business, under certain restrictions, in the hands only of men of good character, adjudged to be fit to carry it on, provided they obtain a license.  By implication, it thus brands it as a dangerous business, to be specially authorized only to those who will, as is supposed, so conduct it as to avoid many of its injurious effects upon the community.  Such is the whole spirit, scope and purpose of the act of 1859 upon the subject.  There was, in our opinion, no warrant in that act for a decision giving an appeal in favor of the license, and denying the same right against it, thus on the one side cutting off the opportunity for a satisfactory litigation of the issue of fact made before the commissioners, and denying it on the other.  The question is between the applicant and the remonstrants, and not, as was erroneously assumed, merely between the applicant and the county.  The right of remonstrance is a substantial and not simply a barren right, signifying nothing.  It is important to the community that it should not be frittered away, for it is surely quite as essential to the public welfare, in the light

of the act of 1859, that an unfit man shall not have a license, as that one who is fit shall have it. We regard the act of 1861 as merely declaratory of the law as it was before, and are clearly of the opinion that the general statute already cited gives the appeal, and must be complied with, in order to be available. It requires a bond. But it is argued that the bond would be an idle form, for the reason that the remonstrants appealing are not liable for costs, if defeated on the appeal. And *Drapert* v. *The State* is cited in support of the proposition. If the question is, as was there said, merely between the applicant and the county, then it might possibly follow that not the remonstrants appealing, but the county, must pay costs when the appeal is unsuccessful. Indeed, we are advised that it is the practice in some parts of the State to render judgment for costs in such cases against the county, thus putting it in the power of a single citizen sometimes to prosecute a hopeless and groundless appeal at the expense of the county treasury, and without any risk to himself. But regarding the reasoning in *Drapert* v. *The State, supra,* as essentially unsound, as we do, this absurd result is avoided.

The judgment is reversed, with costs, and the case remanded, with instructions to overrule the demurrer.

*M. M. Ray, J. W. Gordon* and *W. March,* for appellant.

*J. A. Beal,* for appellees.