## MOLIHAN *v*. THE STATE.

LIQUOR LAW.—*License.*—*Appeal by Remonstrators.*—An appeal by remonstrators, within thirty days, from an order of the board of county commissioners granting a license to retail intoxicating liquors suspends the operation of the order.

SAME.—The appeal is taken by the filing of the bond as provided by section 32, 1 G. & H. 253. The issuing of summons, where necessary (by section 34, *id.*), is after the cause has been docketed in the court to which the appeal is taken, where it is tried as an original cause.

SAME.—*Retailing without License.*—*Evidence.*—On the trial of an information for retailing intoxicating liquor without license, proof that it was sold at a saloon in which the defendant transacted a retail liquor trade, by a person who was his servant in conducting that trade, sufficiently connected the accused with the commission of the offense.

ARRAIGNMENT.— *Waiver.*—By his personal appearance and agreement to submit the trial to the court the defendant waives arraignment.

APPEAL from the Tipton Common Pleas.

GREGORY, J.—Information against the appellant for retailing intoxicating liquor by a less quantity than a quart, not being licensed so to do.

A motion was made by the defendant to quash the information, which was overruled by the court. By agreement

the case was tried by the court, and the defendant was found guilty. A motion was made for a new trial, and overruled; and exceptions were taken. The evidence is in the record.

The appellant applied to the Board of Commissioners of Tipton county, on the 3d of June, 1868, for a license to retail intoxicating liquors by a less quantity than a quart. A remonstrance was filed, and the granting of the license resisted. The order was made. The applicant, on the 4th (the next day), paid the fee, and filed the bond required by law, and received his license. The remonstrators, within thirty days after the order, appealed therefrom to the Tipton Circuit Court. The retailing charged and proved, was on the 18th of August, forty-seven days after the appeal was taken.

It is claimed that the appeal did not suspend the operation of the order granting the license. The statute authorizes an appeal to be taken within thirty days after the time the decision was made, by the filing of an appeal bond. 1 G. & H. 253, sec. 32. When the appeal is in vacation the appellant, if there be an appellee, must cause a summons to issue. _Id._ sec. 34. The case is tried on appeal as an original cause. _Id._ sec. 36. The appeal is taken by the filing of the bond; the issuing of the summons is after the cause is docketed in the court to which the appeal is taken. The appeal suspends the operation of the order.

The evidence tends to prove that the liquor was purchased of the servant of the defendant, in the saloon kept by the appellant, at the place described in the application for the license. It is claimed that this proof does not connect the accused with the commission of the offense; but we think otherwise. It is clear that the defendant kept the saloon, and transacted a retail liquor trade therein, which he himself claimed, on the trial, was authorized by the license. The person who sold it was his servant in conducting this trade.

The defendant moved in arrest of judgment. It is urged, that the judgment ought to have been arrested, for the

268 SUPREME COURT OF INDIANA.

Molihan v. The State.

reason that the defendant was not arraigned on the information. This was waived by the personal appearance of the defendant and his agreement to submit the trial to the court.

The judgment is affirmed, with costs.

ON PETITION FOR REHEARING.

An able and earnest petition for rehearing has been filed in this case, which seems to call for some special notice. It is claimed that the appeal from the order of the commissioners did not suspend the license granted to the appellant until the issuing and service of the summons required by the thirty-fourth section of the act organizing county boards, 1 G. & H. 253.

The plain provision of sec. 32 is, that the appeal shall be taken by the filing of the bond. The provision as to the summons is, " when such appeal is taken in vacation, the appellant, if there be an appellee, shall cause a summons to be sued out of the clerk's office of the court to which the appeal is taken, returnable on the first day of any term of such court next after the date thereof, requiring the appellee to appear and answer said appeal." How can it be said, with any propriety of language, that when such appeal is taken, a summons shall issue, if the summons itself is a component part of the appeal?

A strong argument is made on the inconvenience of suspending the operation of the license without notice. The applicant knows that an appeal may be taken within thirty days; for that time he sells at his peril; he must look to his power under the license.

The same argument would apply with equal force to the time between the issuing and service of the summons, leaving it to the action of the sheriff as to when the operation of the license shall terminate. By the plain reading of the statute, the purpose of the summons is, to compel the appellee to appear and answer the appeal, leaving the appeal itself to suspend the operation of the order. It may be

that this construction of the statute will deprive the applicant of the full benefit of the license for thirty days, but the privilege to retail intoxicating liquors must be taken with all the restrictions imposed by law.

It might, perhaps, be regarded as unjust to allow an appeal, as the applicant pays his money for the license at the time it is granted; but this is a matter for the legislature, and not the courts.

The petition for rehearing is overruled.

*N. R. Overman* and *G. W. Lowley*, for appellant.

*D. E. Williamson*, Attorney General, for the State.