## THE STATE *v.* VIERLING.

LIQUOR LAW.—*Change of Venue.*—Where an appeal has been duly taken to the circuit court or court of common pleas from the decision of the board of county commissioners upon an application for license to retail intoxicating liquors resisted by remonstrance, such proceeding is a "civil action," and a change of venue may be taken as in other civil actions; the judgment of the court to which the venue is changed is final and without appeal therefrom; and a license duly granted thereunder to the petitioner will protect him against the penalty for retailing without license.

APPEAL from the Gibson Common Pleas.

GREGORY, C. J.—The appellee applied to the board of commissioners of Gibson county for a license to retail intoxicating liquors in a less quantity than a quart at a time, under the provisions of the act of March 5th, 1859, "to regulate and license the sale of intoxicating liquors." 1 G. & H. 614, *et seq.*

A portion of the inhabitants of the township in which the business was to be conducted remonstrated against the granting of the license. A trial was had before the commis-

sioners, which resulted in favor of the applicant. The re-
monstrants appealed to the Gibson Circuit Court. On the
application of Vierling, with objection on the part of the re-
monstrants, the venue was changed to the Daviess Circuit
Court, in which a trial was had, resulting in favor of the ap-
plicant. A license was then issued to Vierling by the au-
ditor of Gibson county, upon the former complying with
the law. The question involved in this case is, did this
license protect the appellee against the penalty for retailing
without a license?

It is claimed, that the change of venue was without au-
thority of law; that the Gibson Circuit Court was never
ousted of jurisdiction; that the proceedings of the Daviess
Circuit Court were void; that the appeal suspended the op-
eration of the order of the commissioners.

By the act of 1859, *supra,* it is provided (sec. 3), that
"any white male inhabitant desiring to obtain license to
sell intoxicating liquors, shall give notice to the citizens of
the township in which he desires to sell, by publishing in a
weekly newspaper in the county, a notice, stating in the
notice the precise location of the premises in which he de-
sires to sell, at least twenty days before the meeting of the
board at which the applicant intends to apply for license;
or in case there is no such newspaper in such county, then
by posting up written or printed notices in three of the
most public places of the township in which he desires to
sell, at least twenty days before the meeting of such board.
And it shall be the privilege of any inhabitant of said town-
ship to remonstrate in writing against the granting of such
license to any applicant on account of immorality or other
unfitness."

This act is silent on the subject of appeal. This court,
in 1860, in *Drapert* v. *The State,* 14 Ind. 123, held, that the
remonstrants could not appeal from an order of the board
of county commissioners granting a license under this
statute.

The legislature in 1861 passed an act authorizing an ap-

peal by either party aggrieved, and providing that "either party to such appeal to the circuit court or court of common pleas, may demand and have a trial by jury in said circuit court or court of common pleas, and the decision or verdict of such jury shall be final and conclusive, and without appeal therefrom." Acts of 1861, p. 143. There is no provision in this act for an appeal bond.

In *Wright, Auditor of Marion County,* v. *Harris,* 29 Ind. 438, decided in 1868, there was an attempt by the remonstrants to appeal without giving bond from an order granting a license. It was contended in that case, that no bond was required by the act of 1861, *supra,* and that that was the only statute authorizing appeals in such cases. But this court held otherwise, overruling the case of *Drapert* v. *The State;* and in doing so say, "But it is argued that the bond would be an idle form, for the reason that the remonstrants appealing are not liable for costs, if defeated on the appeal. And *Drapert* v. *The State* is cited in support of the proposition. If the question is, as was there said, merely between the applicant and the county, then it might possibly follow that not the remontrants appealing, but the county, must pay costs when the appeal is unsuccessful. Indeed, we are advised that it is the practice in some parts of the State to render judgment for costs in such cases against the county, thus putting it in the power of a single citizen sometimes to prosecute a hopeless and groundless appeal at the expense of the county treasury, and without any risk of himself. But regarding the reasoning in *Drapert* v. *The State, supra,* as essentially unsound, as we do, this absurd result is avoided."

*Molihan* v. *The State,* 30 Ind. 266, holding that an appeal by remonstrants suspended the operation of the order of the board of county commissioners, went upon the ground that the applicant was secured in his right by the appeal bond required by law. Such bonds have two conditions, first, "for the due prosecution of the appeal;" second, "for the payment of all costs, if the same shall be adjudged against said appellant." The breach of the first, as well as that of

The State *v.* Vierling.

the second, will give a right of action to the injured party to the extent of that injury.

These rulings go on the ground that there are in such cases substantial rights involved. On the one hand, the applicant, if a white male inhabitant of the township in which the business is to be conducted, of good character and fit to be trusted therewith, upon complying with the law, has the right to a license to retail intoxicating liquors in a less quantity than a quart. On the other hand, the inhabitants of such township have a right to be protected from the evil consequences of granting this privilege to unfit persons.

Is, then, such a proceeding a "civil action," within the meaning of the code? The code provides, that "there shall be in this State, hereafter, but one form of action for the enforcement or protection of private rights, and the redress of private wrongs, which shall be denominated a civil action." 2 G. & H. 33, 34, sec. 1.

We are clearly of the opinion, that the proceeding of the appellee, commenced before the board of commissioners of Gibson county, and taken by appeal to the Gibson Circuit Court, was a civil action, within the meaning of the code, and that therefore a change of venue was authorized by the law allowing such changes in civil actions. It follows, that the judgment of the Daviess Circuit Court, under the act of 1861, was final, and that no appeal therefrom will lie to this court.

The license was a full protection to the appellee for the act charged in the information.

Judgment affirmed, with costs.

FRAZER, J., absent.

*M. W. Pearse, D. F. Embree,* and *D. E. Williamson,* Attorney General, for the State.

*A. C. Donald* and *C. A. Buskirk,* for appellee.