### Young *v*. The State.

APPEAL.—*Effect of.*—*Trial De Novo.*—Where an appeal has been taken and perfected from the judgment or determination of an inferior court to a superior court (as from the board of county commissioners or a justice of the peace to the circuit court or the court of common pleas), and the cause or matter is to be tried in such superior court *de novo,* upon the original papers, the appeal operates to suspend further proceedings under said judgment or determination.

SAME.—*Liquor Law.*—*License.*—Where an appeal has been taken by remonstrants from an order of the board of county commissioners granting a license to a person to retail intoxicating liquors, and such person has received notice of that fact, the appeal .thenceforward suspends said order and the right to sell under such license. *Molihan* v. *The State,* 30 Ind. 266, explained and criticised.

APPEAL from the Monroe Common Pleas.

DOWNEY, J.—This was a prosecution against the appellant

for retailing intoxicating liquors without a license. The facts, as stated in the appellant's brief, are as follows:

Appellant, at the September term, 1870, of the board of commissioners, obtained a license to retail, and on the same day paid the money to the treasurer of the county, and obtained his license from the auditor. On the twenty-second day of the same month, certain persons, who had remonstrated against the granting of the license, appealed from the order of the board granting the license, to the common pleas, which appeal was still pending at the time of the trial of this case.

After the appeal, and notice thereof to the appellant, he sold intoxicating liquors as charged in the affidavit.

The position taken by the appellant is, that the appeal did not, in any way, affect the right to retail which had been granted to, and vested in, him by the order, the payment of the money, and the receipt of the license. The cases to which we have been referred by counsel for the appellant generally relate to appeals from inferior courts to a court for the correction of errors, and where the appellate court does not try the case as an action originally commenced before it.

When an appeal is taken and perfected from the judgment or determination of an inferior court to a superior court, as in the case of appeals from the board of commissioners, or from a justice of the peace to the circuit or common pleas court, and the cause or matter is to be tried in the circuit or common pleas court *de novo*, upon the original papers, the appeal operates to suspend or supersede further proceedings under the judgment or determination from which the appeal is taken. This rule applies to appeals from orders of the commissioners granting licenses to retail intoxicating liquors.

It has been decided by this court, in *Molihan* v. *The State*, 30 Ind. 266, that such appeal by remonstrants from an order granting a license to retail operates to suspend the order and the right to sell under the license.

The remarks of the court in that case, on overruling the petition for a rehearing, to the effect that the party receiving

such license would be criminally responsible for selling during the time intervening between the issuing of the license and the taking of the appeal, while the order and the license were in full force, were not necessary to the decision of the question; as it appeared that the selling, in that case, took place *forty-seven days after* the appeal had been taken. Such a construction would operate very harshly, and in citing the opinion we do not wish to be understood as approving such remarks.

In the case at bar, however, the evidence shows, and it is conceded by the counsel for the appellant, that he sold as alleged in the affidavit, after the appeal had been taken, and after he had received notice of that fact.

The judgment of conviction is affirmed, with costs.

PETTIT, C. J., dissents.

*P. C. Dunning*, *J. S. Hester*, and *E. K. Millen*, for appellant.

*B. W. Hanna*, Attorney General, for the State.