## BLAIR ET AL. *v.* KILPATRICK.

LIQUOR LAW.—*Appeal Bond.*—By section 31 *et seq.,* 1 G. & H. 253, it is required that a bond be given on appeal from the decision of the board of commissioners, and as the act of 1861, p. 143, providing for an appeal from the granting of a license to sell intoxicating liquors, fails to provide how the appeal shall be taken, it must be done under the provisions of said general law.

PLEADING.—*Transcript of Proceedings.*—*Action on Bond.*—In an action upon a bond given on such appeal, the transcript of the proceedings is·no part of the complaint.

LIQUOR LAW.—*Constitutionality.*—The law authorizing the granting of a license to sell intoxicating liquors is not in violation of the twenty-third section of the bill of rights of the state constitution.

PRACTICE.—*Change of Venue.*—A change of venue may be taken on the appeal from the granting of the license.

PLEADING.—*Answer.*—In a suit upon the appeal bond for a breach in failing to prosecute an appeal from the decision of the board of commissioners granting a license to retail intoxicating liquors, an answer that the remonstrants were ready, in the court to which they appealed, to prosecute the appeal, but that plaintiff took a change of venue and failed to pay the costs and perfect the change ten days before the term of the court to which the appeal was granted, but fraudulently, within ten days before said term, procured the case to be docketed, and upon the defendants' entering special appearance and moving to re-transfer the case, filed a false affidavit that he had paid the costs at the proper time, and induced the court to overrule the motion to send the case back, whereupon the defendants withdrew their appearance, and the appeal was dismissed, was held no defence to the action.

DAMAGES.—*Profits.*—In an action on such an appeal bond, the plaintiff cannot recover the profits he might have made between the time of the appeal and the dismissal thereof.

APPEAL from the Daviess Circuit Court.

DOWNEY, J.—This was an action brought in the Gibson Circuit Court by the appellee, Thomas Kilpatrick, against William W. Blair and eight other defendants, who are the appellants in this court. It was brought upon an appeal bond, alleged to have been executed by the appellants for the purpose of procuring an appeal to the Gibson Court of Common Pleas from the decision of the board of commissioners of Gibson county granting to the appellee a license to retail intoxicating liquors. A change of venue was granted in this cause on the application of the appellee, and the cause was sent to the Daviess Circuit Court. The cause was tried by a jury; a verdict for the appellee for three hundred dollars, the full amount of the bond, was rendered; a motion for a new trial was made by the defendants and overruled; they excepted, and put the evidence in the record; and there was then a final judgment for the plaintiff, from which the defendants appealed to this court.

There are sixteen errors assigned, but the following are all which present any questions for our consideration: First, overruling the demurrer of appellants to the complaint; second, overruling the separate demurrers of the appellants to the first and second breaches of the bond in the complaint mentioned; third, overruling the motion of appellants to strike out portions of the complaint, as appears by the bill of exceptions; fourth, sustaining the demurrer of the appellee to the second paragraph of the answer of the appellants; and, fifth, in overruling the motion of appellants for a new trial.

The condition of the appeal bond, after the recitals, is as follows: "Now, if the said remonstrants shall duly prosecute their said appeal to effect, and shall well and truly pay all costs that may be adjudged against them, then the above obligation shall be null and void and of none effect, otherwise to be and remain in full force and effect." The first breach of the bond alleged is, that the appellants did not prosecute their said appeal to effect, but on the contrary, wholly failed so to do, by means whereof, in taking said ap-

peal and failing to prosecute to effect, they did delay, hinder, and prevent the plaintiff from prosecuting and pursuing his said business pursuant to said license, as he ought to, and otherwise would have done, by means of which he could and would have made great gain and realized large profits and advantages to the amount of at least three hundred dollars. The second breach alleged is, that the remonstrants did not pay the said costs so adjudged against them by said court of common pleas of Vanderburg county; whereby, on account of said several breaches of the conditions of said bond, an action has accrued to the plaintiff to have and demand said sum of three hundred dollars, etc. ·

The appeal was no doubt taken in pursuance of sec. 31 *et seq.*, p. 253, 1 G. & H., which allows an appeal from all decisions of the board of commissioners to the circuit or common pleas court by any person aggrieved, etc. The condition of the bond, as required by that statute, is for the due prosecution of the appeal and the payment of all costs, if the same shall be adjudged against the appellant. It is alleged in the complaint that the costs adjudged in favor of the plaintiff on such appeal amounted to one hundred dollars. A transcript of the proceedings is filed with the complaint, and, it is said, is made a part of it. This was unnecessary and improper. The action is founded on the bond. The transcript of the proceedings was but evidence, at most, and does not become part of the pleading by being filed with it. The first question discussed by counsel for the appellants, under the first assignment of errors, is not presented by the demurrer, for the reason that the demurrer does not reach the transcript, which is improperly filed with the complaint.

The second point made is, that no appeal bond is required by law in such cases, and that the bond is therefore invalid, and will not sustain an action. This court held, in *Drapert v. The State*, 14 Ind. 123, that the remonstrants in such a case could not appeal. Afterward the legislature passed an act allowing an appeal. Acts 1861, p. 143. In *Wright v. Harris*, 29 Ind. 438, this court overruled *Drapert v. The*

*State*, and held that an appeal might have been taken under section 31 *et seq.*, 1 G. & H. 253, independent of the act of 1861, and that an appeal bond was necessary. Thus the law now stands. The act of 1861 having authorized an appeal without providing how it shall be taken, we hold that the appeal must be taken according to the general law for the taking of appeals from the board of commissioners, and that a bond is necessary.

The next point made is, that the whole of the temperance law is unconstitutional and void, because it is in violation of section twenty-three of the bill of rights in the state constitution. That section is as follows: "The general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." It is urged that, as the law in question gives the right to a license to "white male inhabitants" only, it is repugnant to this article of the constitution. It is, however, conceded that the Civil Rights Bill may have had the effect to strike out the word "white" from the act. Still it is claimed that, as females are citizens and are excluded by the act from its privileges and immunities, the whole act is void. While we recognize females as falling under the designation of citizens, we do not think that the right to engage in the business of retailing intoxicating liquors is one of the rights contemplated by the section in the bill of rights which we have copied. Whether the Civil Rights Bill has had the effect so to modify the act in question as to allow persons other than whites to obtain license and retail intoxicating liquors, we need not decide, as, if such is the case, it is not claimed that it would affect the constitutionality of the act.

It is next insisted that, as the appeal was taken to the Gibson Common Pleas, and the venue changed, on the application of the appellee, to the Vanderburg Common Pleas, over the objection of the appellants, and the appeal there dismissed, there is no valid judgment disposing of the appeal, so as to authorize this action. It is claimed that there

could be no change of venue, in such a case, from the court to which the appeal was taken. We are not of this opinion. The question has been decided otherwise.

We are of the opinion that the demurrer to the complaint and also those to the separate breaches were properly overruled by the court.

We need not here consider the question raised with reference to the refusal of the court to strike out parts of the complaint relating to profits of business, as the same question will be considered hereafter.

The next error complained of is the sustaining of the demurrer of the appellee to the second paragraph of the answer. That paragraph of the answer contains four exhibits: exhibit "A," which is a copy of appellee's affidavit for a change of venue in the license proceedings; exhibit "B," which is a copy of the proceedings of the Gibson Common Pleas Court in the license case; exhibit "C," which is a copy of the motion made by the remonstrants in the Vanderburg Common Pleas Court to dismiss the license case from that court and remand it to the Gibson Common Pleas Court; and exhibit "D," which is a copy of the affidavit filed by the appellee in the Vanderburg Common Pleas Court in defence of the motion to dismiss and remand. This paragraph of the answer sets up that the defendants, except Maxam and Sterne, that is, the original remonstrants, appeared in the Gibson Court of Common Pleas, to which they had taken the appeal, and were ready to prosecute it to effect; that there the appellee moved for and obtained an order to change the venue of the proceedings to the Vanderburg Court of Common Pleas, notwithstanding the remonstrants resisted such change; that the appellee failed to perfect his change of venue by paying the costs thereof ten days before the first day of the then next term of the Vanderburg Court of Common Pleas; that appellee, within a less period than ten days before the first day of that term of that court, fraudulently procured the papers in the case to be sent to the clerk of the Vanderburg Court of Common Pleas, and

fraudulently procured the cause to be docketed in that court; that the remonstrants, in order to prevent the appellee from carrying out his fraud upon the Vanderburg court, made a special appearance in that court and moved for the dismissal of the cause from that court and the remanding of it to the Gibson Common Pleas Court; that the appellee, for the purpose of further carrying out his fraud, made and filed a false and fraudulent affidavit, in which he swore that he had paid the costs of the change ten days before the first day of that term of that court; that this affidavit was false, and was made with the fraudulent intent to impose upon and deceive the court; that thereby the appellee so deceived and imposed upon the court as to induce that court to assume jurisdiction of the cause; that thereupon the remonstrants withdrew their appearance, and the appellee procured the dismissal of the appeal. The paragraph and exhibits set out these proceedings at large and are verified by affidavit.

If the affidavit of the appellee presented to the common pleas of Vanderburg county was not true, it would have been admissible, we presume, for the appellants to have shown that fact then and there. This it does not appear they attempted to do, but tamely permitted the court to be imposed upon by the false affidavit, and "withdrew their appearance, and the appellee procured the dismissal of the appeal." They cannot now have the action of the court reviewed in this way. There was not, in our opinion, any error in sustaining the demurrer to this paragraph of the answer.

There are several questions made and discussed under the motion for a new trial, all of which we do not propose to consider.

It is to be understood from the case of *Young* v. *The State*, 34 Ind. 46, that when an appeal is taken from an order of the board granting a license, it does not operate to prevent the party from selling until notice of the appeal has been duly given to him. Indeed, one member of the court was of the opinion that the party could sell until the order

granting him the license had been reversed. In the case under consideration, the appellee was allowed to prove the profits which he might have made by retailing between the time when the appeal was taken and the time of its dismissal, over the objection of the appellants. We think this was wrong for several reasons; first, the bond by its terms does not seem to have been intended to cover any such profits; second, the profits are too remote and uncertain to be considered in estimating the damages; and, third, the profits for the whole time were reckoned from the time the appeal was taken, without reference to the time when notice of the appeal was given. On the subject of anticipated profits as a rule or measure of damages, see *The Western Gravel Road Company* v. *Cox,* 39 Ind. 260. The court refused to instruct the jury that the plaintiff could not recover damages for the loss of the profits of his business before the notice of the appeal was served on him, as requested by the defendants. If the profits were a proper measure of damages, this instruction should have been given, since the appellee could not have been prevented from selling until notice of the appeal was served on him. For these reasons the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*D. F. Embree* and *W. M. Land,* for appellants.

*J. Baker,* for appellee.