## Mullikin *v.* Davis, Administrator.

LIQUOR LAW.—*Appeal by Remonstrants.*—*Effect of Appeal.*—An appeal by remonstrants from an order of a board of county commissioners granting a license to sell intoxicating liquors in a less quantity than a quart at a time, under the liquor law in force in 1870, suspended the operation of said order; and during the pendency of such appeal the applicant could not lawfully so sell such liquors.

CONTRACT.—*Sale Prohibited by Law.*—When intoxicating liquor is sold at retail, contrary to a statute making such sale a misdemeanor, the seller cannot recover the price or value thereof from the buyer.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

BIDDLE, J.—This suit was originally commenced by Jacob Young against the appellant, but before issue was joined, Young died, and the appellee, administrator of Young's estate, was admitted as plaintiff and filed a substituted complaint. The action is founded on a common count "for merchandise sold and delivered," and a bill of particulars informs us that the "merchandise" was "725 gills of intoxicating liquor."

Answer, 1. General denial.

2. That Jacob Young had applied to the Board of Commissioners of Monroe county for license to retail intoxicating liquors in less quantity than a quart at a time, against which application a remonstrance was filed; that the board granted the license, from which action of the board the remonstrators appealed to the Court of Common Pleas of Monroe county; that the liquors charged in the complaint were sold at retail in less quantities than a quart at a time,

during the time said appeal was so pending; all with proper averments of time, venue, etc.

3. Payment.

Replies in denial; trial by jury; verdict for appellee; judgment, over the proper motions and exceptions necessary to bring the case here.

During the trial, the appellant offered in evidence the record of the Board of Commissioners of Monroe county, showing the application of Young for license to retail spiritous liquors, the remonstrance and appeal, as stated in the second paragraph of his answer, and also the record of the court of common pleas, and papers in the case pending in that court, to all of which the appellee objected, "for the reason that said evidence was immaterial to the issues in the cause," which objection was sustained by the court and exception properly taken to the ruling. This was erroneous. The appeal suspended the operation of the order made by the board of commissioners, and during its pendency the applicant could not lawfully retail intoxicating liquors in quantities less than a quart at a time. *Wright* v. *Harris,* 29 Ind. 438; *Molihan* v. *The State,* 30 Ind. 266; *Young* v. *The State,* 34 Ind. 46. And for intoxicating liquors, unlawfully sold at retail, contrary to a statute making such sale a misdemeanor, the appellee is not entitled to recover. *Siter* v. *Sheets,* 7 Ind. 132; *Melchoir* v. *McCarty,* 31 Wis. 252; the same case in 11 American Rep. 605. That a right of action cannot arise out of a vicious cause, is a settled maxim of the law. No man shall be allowed to set up his own misdemeanor as a cause of action against another. These principles are so fully and universally recognized, that authorities to support them have become unnecessary.

It should be remarked that the transactions involved in this case took place in 1870, during the time the temperance act of March 5th, 1859, 1 G. & H. 614, and the act supplemental to it, Acts 1861, 143, 3 Ind. Stat. 330, were in force.

The judgment is reversed, with costs; cause remanded,

with directions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

BUSKIRK, J., was absent.