State *v.* Sopher.

## THE STATE *v.* SOPHER.

[No. 19,618.   Filed November 1, 1901.]

CRIMINAL LAW.—*Appeal.*—*Prosecuting Attorney may Perfect Appeal.*—The prosecuting attorney is impliedly authorized to subscribe his name to appeal notices, and to prepare and sign assignments of errors, and take all necessary steps leading up to an appeal to the Supreme Court by the State in a criminal cause. *pp. 361, 362.*

INTOXICATING LIQUORS.—*License.*—*Appeal.*—Section 4 of the act of 1875 (Acts 1875, p. 55), regulating and licensing the sale of intoxicating liquors, being impressed with such ambiguity and uncertainty as to render it open to judicial construction, an appeal from a prosecution under such statute for selling intoxicating liquors without license is authorized by §8 of the act of 1901 (Acts 1901, p. 565). *pp. 362, 363.*

SAME.—*Appeal from Order Granting License.*—*Right to Sell Pending Appeal.*—"*Next Term of Court.*"—"The next term of court," as used in §5315 R. S. 1881, providing that no appeal from the order of the board of county commissioners granting a license to sell intoxicating liquors shall estop the person receiving such license from selling intoxicating liquors thereunder until the close of the next term of court, etc., means the first term of court at which complete jurisdiction, under the law, over the parties to such appeal would be acquired. *pp. 365-372.*

SAME.—*Appeal from Order Granting License.*—*Right to Sell Pending Appeal.*—The time within which a person licensed to sell intoxicating liquors may continue to sell under §5315 R. S. 1881, pending an appeal to the circuit court, begins with the issue of the license and terminates at the close of the term of court during which the cause may be lawfully tried. *pp. 372, 373.*

SAME.—*Appeal from Order Granting License.*—*Right to Sell Pending Appeal.*—The act of 1875 (Acts 1875, p. 55, §5315 R. S. 1881), does not abrogate the rule that an appeal from the decision of the board of county commissioners granting a license to sell intoxicating liquors operates as a suspension of all rights of the applicant thereunder, but modifies the rule to the extent that his rights thereunder do not terminate until the close of the next term of court during which the cause may be lawfully tried. *pp. 373-376.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

From a judgment acquitting William L. Sopher of the charge of selling intoxicating liquors, the State appeals on reserved questions of law. *Appeal sustained.*

*W. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill Moores, J. F. Beals* and *W. L. Carey,* for State.

*G. Shirts* and *W. R. Fertig,* for appellee.

JORDAN, J.—Appellee was prosecuted in the lower court for the crime of selling intoxicating liquors without being duly licensed according to the laws of this State. On a trial before a jury he was acquitted of the charge, and the court rendered its final judgment discharging him. The State, under §1915 Burns 1901, §1846 Horner 1897, reserved certain questions of law arising on the charge of the court to the jury, and by virtue of the provisions of section eight of an act of the legislature entitled "An act concerning appeals," etc., approved March 12, 1901 (Acts 1901, p. 565), §1337h Burns 1901, this appeal is taken directly to this court for the purpose of presenting and having determined the question in respect to the proper construction of the second proviso of section four of an act of the legislature, to regulate and license the sale of intoxicating liquors, etc., approved March 17, 1875 (Acts 1875, p. 55), §7279 Burns 1901, §5315 R. S. 1881 and Horner 1897.

Appellee has moved to dismiss this appeal principally upon the grounds (1) that the notices thereof given to the clerk of the lower court and to appellee were signed by the prosecuting attorney, instead of being signed by the Attorney-General; (2) that the assignment of errors has been signed by the prosecuting attorney instead of the Attorney-General; (3) because the appeal does not present a question arising upon the proper construction of a statute within the meaning of §1337h Burns 1901.

Section 1915 Burns 1901, §1846 Horner 1897, provides that "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. * * * In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year." That the proper

prosecuting attorney, in all criminal cases appealable by the State, is fully authorized to subscribe his name to the appeal notices required by §1960 Burns 1901, §1887 Horner 1897, and to take all of the necessary steps leading up to an appeal to this court, can not be successfully disputed. It is true that it may be properly asserted that the Attorney-General, under the law, has a general supervision over all of the litigation pertaining to the State, or in which the latter is concerned, and in the event, in a criminal case, the prosecuting attorney should fail or refuse to take the necessary steps to effectuate an appeal by the State, the Attorney-General may interpose and take the steps required to perfect such an appeal. The prosecuting attorney being empowered, under the statute, to take an appeal when the defendant is acquitted in a criminal cause, is impliedly authorized to do all and singular that which is essential in appealing a cause to this court, including preparing and signing the assignment of errors. When an appeal in a criminal cause, whether taken by the State or by the defendant, reaches this court, it then, under the law, becomes the imperative duty of the Attorney-General to represent the State therein. *State, ex rel.,* v. *Jamison,* 142 Ind. 679; *Stewart* v. *State,* 24 Ind. 142.

In *State* v. *Jamison, supra,* we said: "While the services of the prosecuting attorney may be and generally are accepted by the Attorney-General, in behalf of the State, in such appeals, still the latter officer has the exclusive control and management of the case upon appeal." While we have said that the prosecuting attorney is authorized to subscribe the assignment of errors when the State appeals, still the Attorney-General is equally empowered to sign such pleadings, and the signature thereto of either of these officials will suffice.

In regard to the third ground alleged in the motion to dismiss, it may be asserted that the record discloses that the charge of the court of which the State complains clearly

raises a question relative to the proper construction of the second proviso of the fourth section of the statute under which appellee applied for license. The crime of which appellee was charged is but a misdemeanor, in which appeals to this court or the Appellate Court, as a general rule, by virtue of the provisions of the act of March 12th, *supra,* are no longer allowed, except for the purposes specified in §1337h Burns 1901. An examination, however, of the provision of the statute in question fully discloses that it is, at least, impressed with some ambiguity or uncertainty, therefore it is open to judicial construction, and this appeal, under the circumstances, must be held to be authorized within the meaning of §1337h, *supra,* for the purpose of presenting the question only as to the proper construction of that provision. The motion to dismiss is therefore denied.

Turning to the facts in this case which were agreed to by both parties upon the trial below, and introduced as the evidence in the case, we find them to be substantially as follows: At the December session of the board of commissioners of Hamilton county, Indiana, William L. Sopher, appellee herein, after giving the required notice, filed his application before said board for a license to be granted to him to sell intoxicating liquors, with the privilege of allowing the same to be drank upon the premises where sold, such premises being a certain building situated in one of the wards of the city of Noblesville, in said Hamilton county, Indiana. Certain voters and citizens of the township and ward in question remonstrated in writing before the board against granting a license to appellee to sell intoxicating liquors, for the alleged reason that he was not a fit person to be entrusted therewith. The application and remonstrance were heard by the board of commissioners at its said December session, and thereupon a license to sell such liquors, with the privilege of allowing the same to be drank on the premises where sold, was granted to appellee. On December 11, 1899, after being awarded a license by the board, as aforesaid, and be-

fore an appeal to the circuit court had been taken by the remonstrators, appellee paid to the treasurer of said Hamilton county $100 as required by the statute, and executed the necessary bond to the approval of the county auditor, and thereupon the latter official in pursuance of said order of the board, issued a license to him to sell intoxicating liquors in the building designated and described in his notice and application.    On December 16, 1899, after the issuing of the license to appellee, and within ten days from the date of the order of the board granting the same, the remonstrators in said cause filed their appeal bond with and to the approval of the county auditor and duly appealed from said order of the board of commissioners to the Hamilton Circuit Court, and thereupon a transcript of all of the proceedings before the board in said matter was filed by the auditor with the clerk of the Hamilton Circuit Court, on December 29, 1899, the latter date being during the November term, 1899, of said court, and said cause was thereupon docketed as a cause pending therein.    The February term, 1900, of the Hamilton Circuit Court, being the term next following the November term, began on the first Monday in February, 1900, and closed on the 29th day of March, 1900.    On the 6th day of March, 1900, the remonstrators filed a motion in said cause to quash the notice given by the appellee of the pendency of his application before the board of commissioners, which motion was finally overruled in the Tipton Circuit Court, to which said cause was venued as hereinafter shown. At the April term, 1900, of the Hamilton Circuit Court, which term commenced on the first Monday of April, appellee applied for and secured a change of venue of said cause to the Tipton Circuit Court.    At the April term, 1900, of the latter court, which term commenced on the 4th Monday in April, appellee applied for and obtained a change of venue from the regular judge, and subsequently, at the same term, he applied for and secured a continuance of the cause until the following August term of said court.    In September,

State *v.* Sopher.

1900, during the said August term, an amended remonstrance was filed by the remonstrators, and various motions were made in said cause, and on the 23rd day of November, 1900, at the time of the trial of appellee on the said charge of the unlawful selling of liquor, said cause still remained pending and undetermined in the said Tipton Circuit Court. On July 14, 1900, in Hamilton county, Indiana, appellee, assuming to act under his said license, sold to one Lee Farley, a pint of intoxicating liquors, to wit, whiskey, for the price of twenty-five cents. Appellee admitted this sale and sought to justify his action in selling it under the authority of the license granted to him by the board of commissioners. The lower court, on the foregoing facts, gave to the jury the following instruction: "If you find from the evidence that in December, 1899, the board of commissioners of this county upon petition and notice granted the defendant a license to sell liquors in less quantity than a quart at a time, that defendant gave bond approved by the auditor, and the auditor issued the accused a license to sell such liquors, that the sale charged herein was made under such license and at the premises described therein, then you should find the defendant not guilty. In such case it makes no difference that certain remonstrators appealed from the order of the board granting such license. The license would protect the defendant from sales made pending such appeal, and if the appeal is still pending the defendant had the right to make the sale charged herein and you should in such case find the defendant not guilty." To the giving of this charge, the State, through its prosecuting attorney, duly excepted, and reserved thereon a question of law for the decision of this court on the appeal of said cause.

Passing the deficiency of this instruction arising out of its omission to inform the jury that it was also incumbent upon the appellant to pay to the county treasurer the license fee of $100, as required by §5 of the act of 1875, as amended in 1897 (Acts 1897, p. 253), §7281 Burns 1901,

§5316 Horner 1897, in addition to giving the required bond, before the auditor, under the law, would be authorized to issue to him the license awarded him by the board, we may proceed to determine whether the court, by this charge, when applied to the facts in this case, properly construed or interpreted the meaning of the proviso in controversy. Section 4 of the liquor law of 1875, being §7279 Burns 1901, §5315 R. S. 1881 and Horner 1897, provides that "The board of county commissioners, at such term, shall grant a license to such applicant upon his giving bond to the State of Indiana, with at least two freehold sureties resident within said county, to be approved by the county auditor, in the sum of $2,000, * * * *Provided,* Said applicant be a fit person to be intrusted with the sale of intoxicating liquor, and if he be not in the habit of becoming intoxicated; but in no case shall a license be granted to a person in the habit of becoming intoxicated: *Provided,* That no appeal taken by any person from the order of the board granting such license shall operate to estop the person receiving such license from selling intoxicating liquor, thereunder, until the close of the next term of the court in which such appeal is pending and at which such cause might be lawfully tried; and he shall not be liable as a seller without license for sales made during the pendency of such appeal, but he shall be liable for the violation of any of the provisions of this act during such time, the same as if regularly licensed."

As previously said, it is the part of section four embraced in this last proviso over which the controversy in regard to the proper construction thereof arises. When the instruction in question is considered, it discloses that the trial court was of the opinion that at the time the accused sold the intoxicating liquor in controversy he was protected by his license under this provision of the statute, notwithstanding the fact that the appeal taken by the remonstrators to the circuit court from the order of the board was still pending undetermined on the docket of the Tipton Circuit Court.

Or, in other words, the court construed this provision of the statute to mean that such appeal at no time during its pendency would operate to suspend or terminate the right of the appellee to sell intoxicating liquors under the license granted to him by the board of commissioners. It is manifest that the question presented by the State, in respect to the alleged error of the court in charging the jury under the facts in this case, must necessarily depend for a solution on the meaning and scope of the provisions of the above proviso. It has been settled by numerous decisions of this court that an appeal to the circuit court from an order of the board of commissioners stands for trial *de novo,* and that such appeal operates to suspend or vacate the proceedings and order of the board from which it is taken. *Meehan* v. *Wiles,* 93 Ind. 52, and cases there cited; *Lincoln* v. *State,* 36 Ind. 161; *Hardy* v. *McKinney,* 107 Ind. 364; *Head* v. *Doehleman,* 148 Ind. 145, and cases there cited.

Aside from the general rule which governs appeals to the circuit court from boards of commissioners, justices of the peace, and other inferior courts or tribunals, such would necessarily be the effect of §7864 Burns 1901, §5777 R. S. 1881 and Horner 1897, which pertains to appeals from boards of commissioners, and which has been in force since 1853. This section provides that every appeal from the board of commissioners to the circuit court "shall be docketed among the other cases pending therein, and the same shall be heard, tried and determined as an original cause." Under this provision of the law it has been universally held by this court that appeals from boards of commissioners stand for trial in the circuit court *de novo* and that such appeal suspends or vacates the order of the board and all proceedings in the matter. *Hardy* v. *McKinney,* 107 Ind. 364, and cases there cited.

The rule declared and enforced by this court under this section, long before the passage of the liquor law of 1875, had been held by this court to apply to appeals taken by

remonstrators to the circuit court from an order of the board
of commissioners granting a license to an applicant to sell
intoxicating liquors under the liquor law of March 5, 1859.
Such appeals were held to suspend or vacate the order of the
board and the right of the licensee to sell under the license
granted to him. *Molihan* v. *State,* 30 Ind. 266; *Young* v.
*State,* 34 Ind. 46; *Blair* v. *Kilpatrick,* 40 Ind. 312; *Mul-
likin* v. *Davis,* 53 Ind. 206.

It is true that the liquor law of 1859 had been repealed
prior to the enactment of the act of 1875, by an act of the
legislature known as the Baxter law, passed in 1873. If we
eliminate the proviso in controversy from the act of 1875,
the latter in its general provisions and scope will be found,
in the main, to be similar to the act of March 5, 1859. 1
Gavin & Hord, p. 614. We may then reasonably presume
that the legislature which enacted the law of 1875 recog-
nized what the effect of an appeal to the circuit court from
an order of the board of commissioners granting a license,
taken by persons who might remonstrate under the author-
ity of that statute, would be upon the right of the licensee
to sell under his license during the pendency of such appeal,
when tested by the rule declared by this court in respect to
the effect of such appeal under the former law; hence the
reason or cause which prompted the legislature to modify
or change the rule, by virtue of the proviso in dispute, must
be evident. The question presented then is, to what extent
did the legislature intend to modify the operation of the rule
which had been previously held to be applicable to an ap-
peal by remonstrators from an order of the board granting a
license to a person to sell intoxicating liquors? In con-
struing a statute, or any part thereof, courts are not author-
ized to disregard the plain language employed by the law-
makers in its enactment. It is the duty of the court to
accept the act as written, and if valid to enforce it as en-
acted. And where the law is clear upon its face, and when
standing alone is fairly susceptible of but one construction,

that construction must be given. It has been properly said by the Supreme Court of the United States that the province of construction lies wholly within the domain of ambiguity. *Hamilton* v. *Rathbone,* 175 U. S. 414-421, 20 Sup. Ct. 155, 44 L. Ed. 219.

The language of the proviso in question is: "That no appeal taken by any person from the order of the board granting such license shall operate to estop the person receiving such license from selling intoxicating liquor, thereunder, until the close of the next term of the court in which such appeal is pending *and at which such cause might be lawfully tried;* and he shall not be liable as a seller without license for sales made *during the pendency of such appeal,* but he shall be liable for the violation of any of the provisions of this act during such time, the same as if regularly licensed." (Our italics.) A reading of this particular provision demonstrates the fact that it may be said to be uncertain or ambiguous, at least in two respects: (1) As to what is meant or intended by the words "the term of court * * * at which such cause might be lawfully tried"; (2) as to the meaning of the clause "he shall not be liable as a seller without license for sales made during the pendency of such appeal." Where a statute is of a doubtful or uncertain meaning, and susceptible, upon its face, of two constructions, courts, in order to discover the true legislative intent and purpose, may refer to prior or contemporaneous acts. They may inquire in respect to the reasons which prompted the legislature in the enactment of the law, and also may consider the mischief, if any, intended to be remedied, and may consider the situation and condition of affairs existing at the time of the passage of the law, and all acts in *pari materia* passed either before or after the statute in question, whether repealed or unrepealed. All may be referred to and considered in order to discern what the legislature intended by the use in the statute of some particular term or

terms, or in the enactment of a particular provision. *Stout* v. *Board, etc.,* 107 Ind. 343; *Board, etc.,* v. *Board, etc.,* 128 Ind. 295; *State Board* v. *Holliday,* 150 Ind. 216, 42 L. R. A. 826; *Parvin* v. *Wimberg,* 130 Ind. 561, 15 L. R. A. 775, 30 Am. St. 254; *Conn* v. *Board, etc.,* 151 Ind. 517. In our search to ascertain the scope of the legislative intent and purpose in the enactment of the particular provision, we will endeavor to be guided, so far as necessary, by these well settled canons of construction.

At and prior to the passage of the act of 1875, it will be found that all appeals from the order of the board of commissioners were controlled by §§7859, 7860 Burns 1901, §§5772, 5773 R. S. 1881 and Horner 1897. Appeals from an order of the board of commissioners, either granting or refusing to grant a license to sell intoxicating liquors, were held to be controlled by these particular sections. *Wright* v. *Harris,* 29 Ind. 438; *Blair* v. *Kilpatrick,* 40 Ind. 312.

Section 5773, R. S. 1881, provides that the appeal shall be taken within thirty days from the time the decision of the board was rendered, by filing an appeal bond, etc. Section 5775 R. S. 1881 provides that if the appeal is taken in vacation, a summons sued out of the clerk's office of the court to which the appeal is taken shall be served on the appellee requiring him to appear in court and answer said appeal. Section 5776 R. S. 1881 provides that "If such appeal shall be filed, and such summons, when necessary, served ten days before the first day of the court next after such appeal, such cause shall stand for trial at such term; otherwise it shall be continued until the next term of the court." Consequently as the law relating to appeals from boards of commissioners stood at the time of the enactment of the license act of 1875, an appeal from the board of commissioners to the circuit court might be taken at any time within thirty days, by either party to the proceedings if aggrieved by the board's decision. If a transcript of the proceedings before

the board provided by §5774 R. S. 1881 and Horner 1897 was not filed with the clerk of the circuit court ten days prior to the beginning of a term of that court, and when necessary by reason of the appeal not being prayed for before the board in term time, a summons was not also served on the appellee, for an equal number of days before the commencement of the term, the cause could not lawfully stand for trial at such term, for the reason that the court would not, under the circumstances, acquire jurisdiction over the person of the appellee, and the hearing or trial of the cause would necessarily be continued, by operation of law, until the next term of court. It is manifest then, we think, that when the situation or condition of affairs in regard to appeals from boards of commissioners as such situation or condition existed, under the laws in force at the time of the passage of the act of 1875, is considered, the meaning intended to be conveyed by the legislature in the use of the words "the next term of court, * * * at which such cause might be lawfully tried" becomes obvious. That the next term of court meant and intended by the legislature was a term of the court to which the appeal had been taken, and which term commenced ten days after the transcript of the proceedings before the board had been filed with the clerk of the court, and a summons, if necessary, also served on the applicant or appellee ten days prior to the beginning of such term. In reason it appears that the legislature by the use of these words intended and meant the first term of the court at which complete jurisdiction, under the law, over the parties to such appeal would be acquired, and that thereby, the court, at such term, might lawfully hear and determine such cause. In the light of all of the circumstances this is the only reasonable interpretation that can be suggested or given to the provision in dispute. It cannot in reason be asserted that the legislature meant and intended that any or all changes of venue, continuances, and motions by which either party might delay the trial of the cause, or

indefinitely prolong the pendency of the appeal, should be taken into consideration in determining when the case might be lawfully tried on appeal. Such a construction of the law would lead to an absurdity.

It is finally insisted that the legislature by the latter part of the proviso, namely, "he shall not be liable as a seller without license for sales made during the pendency of such appeal, but he shall be liable for the violations of any of the provisions of this act during such time, the same as if regularly licensed", meant and intended that the licensee should be protected by the license granted to him by the board, for all sales made thereunder, during the year after the issuing of such license, regardless of the fact of the pendency of the appeal. We can not sanction this contention for to do so would virtually impute absurdity to the action of the legislature. To hold that that body had first limited the time during which the operation of the board's order and the right of the licensee, under the license granted, should not be suspended or vacated by the appeal, and then in the next breath it in effect declared that the appeal in no wise should operate to suspend his right to sell under such license, would certainly render the statute absurd and contradictory. Such a construction a court will not adopt. *Mayor* v. *Weems,* 5 Ind. 547; *Storms* v. *Stevens,* 104 Ind. 46; *Stout* v. *Board, etc.,* 107 Ind. 343.

What the legislature intended by the language in question was to emphasize its will as declared in the preceding part of the proviso, namely, that the appeal should not be held to estop the licensee in the exercise of his rights under the license, until the end of the time designated. The phrase "he shall not be liable for sales made during the pendency of such appeal", under the circumstances, was intended to refer to its pendency during the particular limit which the licensee was authorized to exercise his right under his license. This limit of time begins to run from the time the license is granted by the board and terminates at the close

of the term of court during which the cause may be lawfully tried. A well settled rule of construction affirms that where words of a particular description in a statute are followed by general words that are not as specific and limited as those preceding them, such general words are to be construed as referring to or applying to persons, cases, or things of like kind to those designated or intended by the particular words. *Nichols* v. *State*, 127 Ind. 406, and authorities cited.

The proviso upon its face certainly discloses that it was not the purpose of the legislature entirely to abrogate the rule affirmed by this court, to the effect that an appeal from the decision of the board of commissioners granting a license operated to vacate or suspend all rights of the applicant thereunder. The legislative purpose was only to modify such rule to the extent as hereinafter stated. An act of the legislature, approved March 9, 1889 (Acts 1889, p. 288), §5315a Horner 1897, provides that, "Whenever an applicant for, or remonstrant against, the granting of license to sell at retail spirituous, vinous or malt liquors, shall feel aggrieved by the decision of the board of county commissioners in granting or refusing such license, such applicant or remonstrant may appeal from said decision to the circuit court of the county, at any time within ten days thereafter, upon the execution of an undertaking, with sufficient surety, to pay all costs that may be adjudged against such person or persons, upon the final decision of said cause. Such undertaking shall be subject to the approval of the county auditor; and no appeal shall be granted unless said undertaking be filed within the time allowed herein for such appeal." Another act by the same legislature, approved also on March 9, 1889 (Acts 1889, p. 255), §525 Burns 1901, provides as follows: "That all proceedings and all actions, civil or criminal, taken or removed by appeal, change of venue, or in any other manner to any circuit, criminal or superior court, shall, if the papers or transcript in said proceedings or action are filed in vacation in the

office of the clerk of said court, stand for issue and trial at the first term of said court thereafter. And if the papers or transcript in said proceedings or action are filed in said court, or in the office of the clerk thereof during term time of said court, the same shall stand for issue and trial at said term after the expiration of ten days from the day the same were filed."

Under the provisions of the act first above mentioned, the right to appeal to the circuit court by a remonstrator from an order of the board granting a license to sell intoxicating liquors is expressly granted, and the time for taking such appeal is reduced from thirty to ten days. This act may be considered as supplemental to and as forming a part of our present law pertaining to licensing the sale of intoxicating liquors. The latter act fixes the time when all cases or proceedings either civil or criminal removed by appeal to the circuit or criminal court shall stand for issue and trial. Such appealed cause under this act stands for issue and trial, (1) at the ensuing term of court when the transcript shall have been filed in vacation in the office of the clerk of the court at any time previous to the commencement of such term; (2) after the expiration of ten days from the date of filing such transcript when the same is filed in term time. This act repeals, by implication, §§5775, 5776 R. S. 1881 and Horner 1897, heretofore referred to, and which, as previously stated, formerly controlled appeals from boards of commissioners to the circuit court. Since the enactment of the latter act of 1889, the summons required to be issued and served on the appellee as provided by the above sections is no longer required. Consequently as the law now stands, if a remonstrator appeals from the order of the board granting a license, he must take his appeal within ten days from the time the decision is rendered, and such appeal may be lawfully tried by the court to which it is appealed at the term next following the filing of the transcript with the clerk in vacation. Or if the transcript is filed in term time

State *v.* Sopher.

then such cause may be lawfully tried at such term after the expiration of ten days from the date of filing the transcript. It would seem to follow then that an applicant to whom a license had been granted by the board of commissioners to sell intoxicating liquors would not be estopped by virtue of an appeal, by remonstrators, to the circuit court, in the exercise of his rights under his license, until the close of the term of court at which jurisdiction was acquired by the court over his person, by reason of the filing of the transcript, as provided by the act of 1889, that being the term at which the cause might be lawfully tried. To this extent and to this only it may be said that the legislature intended to modify the rule in regard to the suspension of the order by reason of an appeal taken to the circuit court by a remonstrator. At the close of such term, however, his rights, under the order of the board and the license issued thereon to him, would terminate by virtue of the appeal, and thereafter all sales assumed to be made by him under the license would be unlawful. If the applicant does not choose to wait for the lapse of the ten days allowed for an appeal, in case there has been a remonstrance, but takes out his license before the expiration of this limit, he places himself in an attitude of losing the license fee paid by him, in the event an appeal is taken by the remonstrators, and successfully prosecuted in the circuit court. Again, if he takes out the license awarded him by the board, and the remonstrators appeal from the order to the circuit court, and the latter court upon hearing the cause awards the applicant a license, his right to sell intoxicating liquors will depend on the license granted by the circuit court on appeal, and not upon the license granted him by the order of the board of commissioners from which the appeal was prosecuted. *Keiser* v. *State,* 78 Ind. 430; *Board, etc.,* v. *Kreuger,* 88 Ind. 231.

If he takes out his license before the expiration of the appeal limit, he receives it subject to the rights of the remonstrators to appeal within such limit and also subject to the effects of such appeal.

In the decision of this cause we are not confined or controlled by the fact that the appeal from the order of the board granting appellee herein a license might have been, under the law, as we construe it, lawfully tried at the November term, 1899, of the Hamilton Circuit Court, as the sale of the liquor for which appellee was prosecuted was made by him on July 14, 1900, that date being long after the close of the February term, 1900, of the Hamilton Circuit Court, the latter term being the next after the November term of 1899.   There is no contention but what the cause might have been lawfully tried at the February term, 1900, within the meaning of the proviso as herein construed.   What is said in *Kirsch* v. *Braun,* 153 Ind. 247, on page 263 of the opinion, which might lead to an inference that §7862 Burns 1901, §5775 Horner 1897, is still in force, was said through inadvertence, without any consideration of the fact that that section was repealed by the act of 1889, *supra.*   It follows, and we so conclude, that the trial court erred in its charge to the jury, and this appeal is therefore sustained at appellee's cost.