*W. Cumback* and *S. A. Bonner*, for appellees.

———————•———————

## BECKETT and Others *v.* HOUSTON and Others.

CORPORATION.—*Information.*—*Relators.*—Persons who, being stockholders in a corporation, claim to have been legally elected directors thereof, may file an information under section 750 of the code, on their own relation, without the prosecuting attorney, against others by whose usurpation the relators are prevented from exercising such office.

SAME.—*Jurisdiction.*—*Court of Common Pleas.*—The court of common pleas has concurrent jurisdiction with the circuit court of such a proceeding by information.

SAME.—*Stockholder.*—*Certificate of Stock.*—It is not necessary that a stockholder of a corporation should have a certificate of the stock owned by him

in order to entitle him to vote at an election for directors of the corporation.

SAME.—*Turnpike Company.—Directors.—Election of.*—At an election for directors of a turnpike company organized under the general law of May 12th, 1852, (1 G. & H. 474), or one which has abandoned a special charter, under which it was originally organized, and adopted the general law, each stockholder is entitled to one vote for each share owned or held by him for ten days previous to such election, notwithstanding a by-law adopted by the directors of the company, limiting to a certain number the votes to be cast by any one stockholder at an election for directors.

APPEAL from the Fayette Common Pleas.

This was an information filed by William H. Houston, John R. McCabe, Henry C. Veach, George Miller, and John King, for and in the name of the State, on their own relation, against Azariah T. Beckett, John Stoops, Achilles Backhouse, Matthias M. Moore, and Samuel Backhouse.

The information alleged, *inter alia*, that the relators were stockholders in the "Brookville and Connersville Turnpike Company," a corporation duly organized under the general law of May 12th, 1852, authorizing the construction of plank, macadamized, and gravel roads, and the subsequent amendments thereto; that the company was first organized under a special charter, but that afterwards, in 1858, the directors of said company, on the petition of the stockholders thereof, surrendered and abandoned the special charter of the company, and adopted in lieu thereof the general law of May 12th, 1852, and thereafter the company became subject to and was governed by the same and the acts amendatory thereof; that on the 26th of February, 1869, an election was held at Everton, in Fayette county, pursuant to proper notice, for the election of five directors of said company, at which the relators and the defendants were opposing candidates; that the defendants, Stoops, Achilles Backhouse, Moore, and Azariah T. Beckett, were the judges and inspector of said election; that the relator Houston, at the time of said election, and for more than ten days prior thereto, was the owner of one hundred and eleven shares of the capital stock of said company, which appeared on the books thereof, and

that he voted at said election all of his said stock for the relators, being one hundred and eleven votes, but that said inspector and judges of the election fraudulently refused to count one hundred and one of the votes so cast by said Houston, and only counted ten of said votes for the relators; that the relators each received six votes cast by other stockholders, making in all one hundred and seventeen, and being a majority of all the votes cast at said election, the defendants having received but forty-one votes each; yet the said inspector and judges fraudulently declared the defendants duly elected directors of said corporation; and that the defendants thereupon usurped the office of directors of said company, and had thereafter unlawfully exercised the same, and withheld the same from the relators. Prayer, that the defendants be ousted and required to deliver over to the relators, when qualified, all the books, papers, and property of said corporation, as the legally elected directors thereof, and for judgment for one thousand dollars damages.

The defendants demurred to the information for the following causes:

"1. The court has no jurisdiction of the persons of the defendants.

"2. The court has no jurisdiction of the subject of the action.

"3. The plaintiffs have not legal capacity to sue.

"4. There is a defect of parties plaintiffs. The prosecuting attorney of the fourth judicial district should be made a co-plaintiff.

"5. The information does not state facts sufficient to constitute a cause of action."

The demurrer was overruled, and the defendants filed an answer of five paragraphs.

1st. A denial of the facts alleged in the information.

2d. Denying that McCabe, one of the relators, was a stockholder in the company at the time of the election.

3d. Denying that either of the relators, except Houston,

was a stockholder in the company at the time of the election.

The fourth sets up a by-law adopted by the directors of the company, on the 30th of January, 1869, limiting the number of votes to be cast for directors by any one stockholder to ten, and then alleges that the election referred to in the information was not held by the defendants as alleged, but by two other persons appointed by the board of directors as judges and clerks of said election; that forty-one votes were cast at said election for each of the defendants, and only sixteen for each of the relators; whereupon the judges of said election certified that the defendants were elected as such directors, and thereupon the defendants qualified and took upon themselves the duties of directors of the company.

The fifth paragraph is the same as the fourth, except that it does not set up the by-law limiting the number of votes to be given by one stockholder.

A several demurrer was filed to the second, third, fourth, and fifth paragraphs of the answer, which the court sustained.

A trial of the cause by the court resulted in the following finding:

"That the Brookville and Connersville Turnpike Company is a corporation, organized under the provisions of the act of May 12th, 1852, and amendments thereto; that an election for five directors of said corporation was duly held at Everton, Fayette county, Indiana, on the 26th of February, 1869, to serve for one year; of which election the stockholders of said corporation had due notice; that at said election the following stockholders were entitled to vote, and voted, the number of votes respectively as shown by the books of said company, viz.:

"Anderson Moore, one vote; Samuel Backhouse, four votes; Jesse P. Elliott, one vote; James Kerr, one vote; Presby S. Silby, two votes; W. M. White, one vote; B. M. Pumphrey, two votes; W. H. Houston, one hundred and

two votes; John B. McCabe, three votes; Daniel Moore, one vote; David Risk, one vote; Henry Morris, one vote; John Stoops, three votes; H. C. Veatch, one vote; Achilles Backhouse, five votes; James Steel, one vote; Samuel Henderson, one vote; M. M. Moore, two votes; Fayette county, by M. M. Moore, seven votes; John Riger, one vote; A. P. Beckett, six votes; P. Backhouse, two votes; which were all the votes cast at said election.

" That the plaintiffs received at said election and were entitled to have counted for them, one hundred and eight votes, and the defendants received at said election, and were entitled to have counted for them, forty-one votes. And the court further finds, that the plaintiffs were duly elected directors of said corporation for the term of one year next ensuing the date of said election, and are entitled to assume the office and duties thereof; that the defendants were not elected directors of the company at said election, and are unlawfully exercising the same; and that they be ousted therefrom."

Motions for a new trial and in arrest were made and overruled, and judgment of ouster rendered against the defendants, from which they appeal.

ELLIOTT, J.—It is insisted that the court erred in overruling the demurrer to the information. One objection urged is, that the information should have been filed by the prosecuting attorney. We do not think so. It is provided by statute that the information may be filed by the prosecuting attorney, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority; " or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information." Here the plaintiffs were stockholders in the corporation, and claimed to have been legally elected directors thereof, but were prevented from exercising the same by the usurpation thereof by the defendants, and, under the

statute, the information was properly filed by them on their own relation. 2 G. & H. 323, sec. 750.

It is contended that the common pleas court has no jurisdiction in such cases.

The 44th article of the code, which relates to informations in civil cases, does not directly confer jurisdiction thereof on the court of common pleas, but it does confer jurisdiction on the circuit court; and, looking to the provisions of that article alone, it might well be claimed that the court of common pleas is not invested with jurisdiction. But it is a civil case, and the act of 1859 provides, that "in all civil cases, except for slander, libel, breach of marriage contract, and when the title to real estate shall be put in issue," &c.,. "the court of common pleas shall have concurrent jurisdiction with the circuit court." 2 G. & H. 22, sec. 11.

Such informations are not within the exception contained in the section, and jurisdiction thereof is, therefore, clearly conferred on the court of common pleas.

The information is further objected to because it does not allege that Houston held certificates of stock entitling him to more votes than were allowed by the judges of the election. The statute declares, that each stockholder in such corporations "shall have one vote for each share owned and held by him for ten days previous to the meeting of the corporation." 1 G. & H. 268, sec. 2. A certificate of stock is not necessary to constitute a stockholder, it is only the evidence of stock, and we are not aware of any provision of law requiring that the owner of stock should have a certificate thereof to entitle him to vote at an election for directors of the corporation.

The next error complained of is the sustaining of the demurrer to the second, third, fourth, and fifth paragraphs of the answer.

The second and third paragraphs were, in effect, mere denials of a fact alleged in the information, and, as a general denial was filed, might properly have been rejected on

motion; and as the appellants were not injured by the sustaining of the demurrer to them, they cannot ask a reversal of the judgment on that account.

The fourth and fifth paragraphs may be examined together. The by-law of the company set up in the fourth paragraph, limiting the number of votes of a stockholder to less than one vote for each share owned and held by him, was in direct violation of the second section of the act "establishing general provisions respecting corporations" (1 G. & H. 267), which governed the right of the stockholders in the election referred to. The fact that this company was orignally organized under a special charter can have no influence on the question; when it abandoned the special charter and adopted the general law it became subject to all its limitations and provisions in the same manner and to the same extent as though it had been originally organized under that law.

The other allegations in these paragraphs simply deny certain facts alleged in the complaint, or information, and what has been said in reference to the second and third paragraphs applies alike to the allegations referred to in the fourth and fifth.

The real question involved in the case was, whether the appellees, and not the appellants, were legally elected directors of the company, which depended on the further question, whether Houston was entitled to one vote for each share of stock owned and held by him, or to only ten votes for the whole amount of his stock. And whether the election was in fact held by four of the appellants, as alleged in the information, or by the two persons named in the answer, was wholly immaterial.

Numerous other errors are assigned, on overruling the motion for a new trial, which embraced thirty-nine specific causes, one of which is, that the finding is not sustained by the evidence. The others relate to the admission of evidence over the appellants' objections, and to the rejection of evidence offered by the appellants. The evidence covers

several pages of a record, in other respects voluminous. No abstract is furnished of the evidence, or of other parts of the record involved in the remaining assignments of error, as required by the rules of this court, and we therefore decline an examination of them.

The judgment is affirmed, with costs.

*B. F. Claypool,* for appellants.

*J. C. McIntosh,* for appellees.

