———————o———————

LINCOLN and Others *v.* THE STATE, on the Relation of WOOD and Others.

TURNPIKE.—*Organization of.*—Gravel road companies are organized under the act of May 12th, 1852, 1 G. & H. 474. The act of 1867 on the same subject was an amendment of the former law, and was repealed by the act of 1869, reserving, however, certain rights.

SAME.—*Vote.*—All persons who acquiesce in assessments and become thus liable to pay towards the construction of the road, are entitled equally with subscribers to vote, one vote for each portion of the amount assessed equal to a share of stock; nor is the payment of the assessment necessary to entitle the person assessed to vote.

SAME.—*Appeal.*—The party who appeals from an assessment cannot vote pending such appeal.

APPEAL from the Warren Circuit Court.

DOWNEY, C. J.—This was a proceeding by *quo warranto,* by the appellees against the appellants.    The appellants were subscribers to the stock of the "West Lebanon and Walnut Grove Gravel Road Company," and were duly elected the first directors of said company.    They applied, under the act of 1867, for the appointment of commissioners to assess the benefits to the lands along the road, and at the termini thereof.    The commissioners were appointed and made the assessment under that act, but did not report their assessment until the 24th day of May, 1869.    Nineteen of the persons assessed appealed from the assessment to the circuit court.

While these appeals were pending, to wit, on the 25th of February, 1870, an election was held, pursuant to legal notice, for the election of a new board of directors.    At this election those persons who had been assessed, including those who had appealed from the assessment, claimed the right to vote equally with those who were the original subscribers to the stock.    This right being denied them, they, with five of the subscribers, withdrew, and, at a point about sixty feet from the place at which the election was to be held, according to the notice given, they held an election, at which the appellees were elected directors, while the appellants were elected by the subscribers, except the five above mentioned, at the place named in the notice.

The second paragraph of the answer set up the facts specially, as above, and on demurrer thereto it was held insufficient.

The only error assigned is the sustaining of this demurrer.

Two questions are presented by this assignment: first, were the persons who had been assessed entitled to vote for directors? second, were the nineteen who had appealed from the assessment authorized to vote, notwithstanding their appeals?

The act of 1869 provides, that "any and all persons having been assessed, shall have all the rights and privileges of any other person who has subscribed a like amount, and all per-

sons having paid such assessment or any part thereof, shall thereby become entitled to a certificate of stock for the same, and have all the rights and privileges of any other person who has paid a like amount on subscription." 3 Ind. Stat. 540, sec. 6.

The articles of association of this company fix the amount of stock and provide that the shares shall be twenty-five dollars each. In the act establishing general provisions respecting corporations, 1 G. & H. 268, sec. 2, it is provided, that " each stockholder shall have one vote for each share owned and held by him, for ten days previous to the meeting of the corporation."

It is not essential, under the act authorizing the construction of plank, macadamized, and gravel roads, 1 G. & H. 474, that the subscriber should have paid for his shares to entitle him to vote. Section 11 of that act shows that such payment was not contemplated as an act necessary to give the right to vote, as the directors are authorized to require payment at such times, and in such proportions, and on such conditions as they shall see fit, under the penalty of forfeiture of the stock, and of all previous payments thereon, or under such other penalty as the company may, by law, prescribe.

It is not shown that the subscribers had paid for their stock, either those by whom the defendants were elected or the five of them who acted with the parties assessed, in the election of the relators. But as the act of 1852 contemplates a credit for the amount subscribed, and allows it to be paid as the directors may order, we think the subscribers were entitled to vote for directors without payment for their shares. It was the act of subscribing which made them stockholders, and certificates of stock were not necessary to vest the right to the stock, or to entitle them to vote. *Beckett* v. *Houston*, 32 Ind. 393; *The New Albany, etc., Railroad Co.* v. *McCormick*, 10 Ind. 499.

As the subscribers have the right to vote without payment of the amounts by them subscribed, we see no injustice or

inequality in holding that parties who have been assessed, and who acquiesce in the assessment, and become liable in this way to pay toward the construction of the road, should also have the right to vote. As their money, equally with that of the subscribers, is to be expended, it seems reasonable that they should have a voice in the selection of the board of directors who are to expend it. As the shares are twenty-five dollars, of course the amount of the assessment, as well as the amount of the subscription, must be large enough to entitle the party to vote. For each sum of twenty-five dollars, each party so assessed has a right to one vote.

It is contended by counsel for the appellants that the company could not be affected by the act of 1869, as it had organized while the act of 1867 was in force, and had commenced operations under that act, unless it accepted the act of 1869 as an amendment of the law under which it was created; and that as the act of 1867 did not allow one to vote who had been assessed until he had paid the assessment, the parties who had been assessed in this case, and had not paid, were not legally entitled to vote. We cannot sustain this view of the law. These companies are all organized under the general law of May 12th, 1852, entitled "an act authorizing the construction of plank, macadamized, and gravel roads." 1 G. & H. 474. The act of 1867 was enacted as an amendment of the act of 1852. The act of 1869 repeals the act of 1867, reserving certain rights. The power to amend is expressly reserved in section 24 of the act of 1852.

The next question relates to the right to vote of the nineteen persons who had appealed from the assessment to the circuit court. What effect did the pendency of the appeal have upon that right? We are of the opinion that the appeal, when the same has been perfected, suspends the right of the company to collect the assessment; and if it suspends the right of the company under the assessment, it should also suspend the right of the party assessed to claim

and exercise the rights growing out of a valid and subsisting assessment. It seems to us to be inconsistent for a party to appeal from an assessment, and thus controvert the correctness thereof, and at the same time to exercise the right of voting for directors, which supposes the existence and rightfulness of the assessment.

We had occasion to consider the effect of an appeal from the board of commissioners in a case under the law relating to the granting of licenses to vend liquors, in the case of *Young* v. *The State*, 34 Ind. 46, and came to the conclusion that such appeal suspended the right of the party to proceed under the judgment from which the appeal was taken. If the appeal suspends the right as to one of the parties, it should have the same effect as to the other. A party should not be allowed to appeal from a judgment or an assessment, and at the same time proceed as if the judgment or assessment were uncontroverted.

It is conceded that if the nineteen persons who had appealed were not competent to vote, then the appellants, and not the appellees, were elected directors of the company. We hold that they were not qualified voters, and that for this reason the judgment of the circuit court, in sustaining the demurrer to the second paragraph of the answer, was erroneous.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer, and to proceed according to this opinion.

*B. F. Gregory, J. Harper, H. W. Chase, J. A. Wilstach,* and *Wallace & Hiett,* for appellants.

*J. Buchanan, A. A. Rice,* and *J. M. Butler,* for appellees.