JAMES WILD, Respondent, v. WESTERN UNION BUILD-ING AND LOAN ASSOCIATION, Appellant.

St. Louis Court of Appeals, January 2, 1895.

**Evidence:** ORAL EVIDENCE IN VARIANCE OF WRITINGS. The rule against the contradiction or variance of a writing by oral proof of the negotiations merged therein does not apply to writings which are not of the character of agreements, but are used for evidentiary purposes in the way of admissions. Accordingly, the plaintiff in an action against a building and loan association for money alleged to have been loaned by him to it may show that a certificate of stock, received by him from the association, was issued to him not as stockholder but merely to evidence the loan.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Dawson & Garvin* and *Fisse & Allen* for appellants.

Taking the petition as a statement of a cause of action on account of money loaned by the plaintiff to defendant, there is a total failure of proof. *Howard v. Railroad*, 61 Miss. 194, 199. The delivery and acceptance of the certificate abrogated all prior agreements or understanding, if any, that the money should be taken as a loan, and thereafter the rights and liabilities of the parties are measured and determined by the contract in the certificate. *MacLeod v. Skiles*, 81 Mo. 604; *Cooper v. Ins. Co.*, 50 Pa. St. 299; *Cheriot v. Barker*, 2 Johns. 346.

*Wm. C.* and *Jas. C. Jones* for respondent.

BIGGS, J.—This is an action for money. The plaintiff alleged in his amended petition that on the twentieth day of April, 1891, he loaned to the defendant association $480, which it agreed to repay with six per cent. interest thirty days after demand, and that on the twentieth day of November, 1893, he made demand of defendant for repayment of the loan, which was refused. The plaintiff filed with his petition and offered therein to return to the defendant a certificate for two shares of its capital stock, of the par value of $240 each, which had been issued in his favor by the officers of the defendant. After the institution of the suit, the defendant made an assignment for the benefit of creditors and thereupon its assignees were made parties. The answer was a general denial. On the trial the plaintiff recovered a judgment and the defendant has appealed.

The plaintiff's testimony tended to prove that on the twentieth day of April, 1891, he learned through an advertisement in the newspapers that the defendant association would pay six per cent. interest on loans; that, having some money to loan, he applied to the secretary of the defendant at its business office, and was informed by him that the defendant wanted to borrow money; that six per cent. would be paid; and that all loans would be repaid thirty days after demand; that, under these conditions, he delivered to the secretary $480, on which the defendant paid interest as agreed up to October 21, 1893; that on the twentieth day of November following he made demand for the return of the money, and that the defendant failed and refused to repay the loan. The plaintiff denied on cross-examination that he asked or intended to become a stockholder in the association, and he claimed that the

certificate of stock which the secretary gave him, and which he accepted, was only intended to represent the amount of indebtedness due him from the association, and was so understood by him and the secretary. The books of the association were offered in evidence, and they showed that the certificate issued to the plaintiff was transferred to the bills payable account. The certificate of stock was in the usual form. It was signed by the president of the company and countersigned by the secretary.

The only evidence offered by the defendant was that of its secretary, and the original petition in the case. The testimony of the secretary corroborated substantially that of the plaintiff, except on the point that the plaintiff was deceived as to the purport of the certificate. He claimed that the plaintiff was fully advised of the nature of the certificate, but he virtually admitted that the transaction was in fact a loan, and he stated that, in making loans, it was a custom of the association to issue such certificates instead of notes. In the original petition it was alleged that plaintiff was a stockholder in the association; that he had given thirty days' notice of his intention of withdrawal, as provided by statute and by-laws of the association, and that the association had refused to pay him. At the conclusion of the plaintiff's evidence, and also at the close of the trial, the defendant presented demurrers to the evidence, which the court overruled.

The main question argued by appellant's counsel is that the certificate of stock, which the plaintiff read in evidence, conclusively shows that the dealings between him and the defendant were for the purchase of stock, and not the negotiation of a loan, and that the oral evidence tending to show that the transaction was in fact a loan was incompetent and ought not to have been admitted.

The principle that all prior verbal negotiations are merged in the written contract, and that oral evidence is inadmissible to vary or contradict it, or to show that a party to it did not read it or was not advised of its contents, no one will deny. But this rule of evidence "applies strictly to matters of agreement, and not to writings which are not of the character of agreements." Browne on Parol Evidence, page 13. Nor does the rule apply "when papers or documents are introduced collaterally in the trial of a cause" (Browne on Parol Evidence, page 18; *Faulcon v. Johnston*, 102 N. C. 264); nor when the paper or document is introduced merely as an admission of a party. *Duncan v. Matney*, 29 Mo. 368. A certificate of stock issued by a corporation is not, strictly speaking, of the character of an agreement between the corporation and the stockholder. The real agreement precedes the issuing of the certificate, and the certificate is not necessary to complete the contract of a stockholder, for one may be a stockholder without it. Thompson on Liability of Stockholders, section 106; *Shaeffer v. Insurance Co.*, 46 Mo. 248; *Beckett v. Houston*, 32 Ind. 393; Angel & Ames on Corporations, section 565. It is, therefore, evident that a certificate of stock is not strictly a matter of agreement. In the case at bar the certificate, which the plaintiff admits that he accepted, was admissible in evidence as an admission that the transaction between him and the secretary was for the purchase of stock. But, under the rule stated in *Duncan v. Matney*, *supra*, it was competent for him to show that he was deceived as to the true purport or meaning of the certificate, or to show any other fact or circumstances having a tendency to do away with the admission. It is always competent to explain or escape the effect of an admission, unless the adversary party has acted on it to his prejudice, which does not appear in this case,

as the books of the association show that the plaintiff was treated as a creditor, and not as a stockholder.

Under the instructions of the court the jury found that the plaintiff loaned the money. There was substantial evidence to support the finding, and we will affirm the judgment.