Grohmann v. Brown.

MARIE M. GROHMANN, Appellant, v. E. O. BROWN, Receiver, etc., Respondent.

Kansas City Court of Appeals, February 1, 1897.

1. **Building and Loan Associations:** CREDITOR V. MEMBER. A certificate issued by a building and loan association and set out in the opinion, though it gave the holder the right upon paying regular membership fees to convert said certificate into stock, is construed and *held* to constitute the holder a mere creditor of the association.

2. **Corporations:** POWERS: BUILDING AND LOAN ASSOCIATIONS. Article 9, chapter 42, Revised Statutes, 1889, confers no power on the associations created under its provisions to borrow money to loan to its members or to others, and such action is beyond its power.

3. ——: ULTRA VIRES: ESTOPPEL. The defense of *ultra vires* is not open to a corporation where the contract has been fully executed on the part of the other contracting party and is not expressly prohibited by law.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED (*with directions*).

*Fisse & Kortjohn* for appellant.

(1) Appellant was not a stockholder of the association, but a creditor. *Wild v. B. & L. Ass'n*, 60 Mo. App. 200. (2) Under the laws of the state of Missouri, a building association has a right to borrow money. *Wild v. B. & L. Ass'n, supra;* R. S. 1889, sec. 2508; R. S. 1889, sec. 2816; R. S. 1889, sec. 2817; *Detweiler v. Breckenkamp*, 83 Mo. 45. (3) Even if, under the laws of Missouri, a building association was not entitled to borrow money, this association is estopped from making that defense after it has received the appellant's money. *Dairy Co. v. Mooney*, 41 Mo. App. 665. *Win-*

*scott v. Investment Co.*, 63 Mo. App. 367; *Akers v. Bank*, 63 Mo. App. 316; Green's Brice's Ultra Vires [2 Am. Ed.], 784; *Drug Co. v. Robinson*, 81 Mo. 18; *Hovelmann v. R. R.*, 79 Mo. 632; *Welsh v. Brewing Co.*, 47 Mo. App. 608; *Glass v. Brewing Co.*, 47 Mo. App. 641; *Mathews v. Skinker*, 62 Mo. 329; *B. & L. Ass'n v. Bank*, 47 N. W. Rep. (Wis.) 300; *Bank v. Mathews*, 98 U. S. 621.

*E. O. Brown* for respondent.

(1) The appellant is not a general creditor of the association and as owner of the convertible receipt in question is not entitled to preference or priority over the claims of stockholders. (2) The money advanced by claimant to the association, for which the convertible receipt in question was given, was merely an "advance payment" entitling the appellant to a *pro rata* share of the assets of the association after payment of the expenses of administration and the claims of general creditors. R. S. 1889, sec. 2810. (3) A building and loan association, under our statute, has no authority to receive money and pay interest thereon from any person other than a stockholder. The statute does not contemplate that such associations shall borrow money. The theory upon which a building and loan association is launched is that it will accumulate funds by means of monthly dues paid in by its members and when enough has accumulated the money is put up at auction and sold to the highest bidder. Besides the authority to borrow money is negatived by the very by-laws adopted for its government. (4) Under the law prior to the Act of 1893, section 17, page 112, there was no express authority to borrow money. See art. 9, chap. 42, p. 715, R. S. 1889. (5) Building and loan associations have no power to borrow money outside of a

Grohmann v. Brown.

statute or by-law granting it.  *State v. Oberlin*, 35 O. St. 258; *Stiles App.*, 35 Pa. 122; Enlich on B. & L., 287, 288.  (6) Corporations can only perform such functions or exercise such power as granted to them by their charters or necessarily implied from those expressly granted.  *Carroll v. Campbell*, 108 Mo. 559; *State v. Stow*, 118 Mo. 401; *Dairy Co. v. Mooney*, 41 Mo. App. 671.

SMITH, P. J.—The Home Savings and Loan Association was a corporation organized under the provisions of article 9, chapter 42, Revised Statutes.  In 1893 it was found to be insolvent and by the decree of the circuit court it was put in the hands of Brown as receiver for the purpose of winding up its affairs.  The receiver was by the court ordered to notify all persons claiming to be creditors or stockholders of the association to appear at a certain time and place and present their claims to him for allowance.  He subsequently gave the notice required of him by said order and in pursuance of such notice the claimant presented to him for allowance and classification a claim for $1,400 and interest thereon. In support of the claim she filed therewith a receipt which is as follows:

"Number 245.                                    $1,400.00.
"CONVERTIBLE RECEIPT OF THE
HOME SAVINGS AND LOAN ASSOCIATION,
OF ST. LOUIS, MISSOURI.

"This certifies that Marie M. Grohmann has deposited with the Home Savings and Loan Association of St. Louis, Missouri, an advance payment of fourteen hundred dollars, on which interest will be payable each July 1 and January 1, at the rate of six per cent per annum; in consideration whereof the holder hereof waives all claims to further participation in the profits

of the association.  This receipt is convertible into the stock of the association on payment of the regular membership fees therefor.  The association reserves the right to call in this certificate at any time.  All payments begin to earn interest the first day of the month next following date of receipt.

"In witness whereof, the president and secretary have hereunto signed their names and caused the seal of the association to be affixed at St. Louis, Missouri, this seventeenth day of March, 1892.

[SEAL.]    "J. R. HOFF, President,
            "GEO. B. FRYE, Secretary."

The receiver allowed the claim but without preference over the claims of stockholders.  Nor did he allow her interest thereon, assigning as a reason therefor that he had classed her claim with others based on convertible receipts, as stock of the association and the holders of said convertible receipts as stockholders. The claimant appealed from the finding and the report of the receiver as to her claim.  The matter was tried in the circuit court when there was judgment sustaining the finding and report of the receiver from which the claimant took an appeal here.

The question is whether the claimant should be considered a stockholder or a general creditor of said association.  If the former, the classifica-

BUILDING and loan associations: creditor v. member.

tion of the receiver must stand, and if the latter it must not.  It is in effect conceded in the brief of the receiver that the claimant is not the holder of any of the various kinds of stock designated in the by-laws of the association. But it is contended that the claimant is a *quasi* stockholder since she is the holder of a convertible receipt issued under section 36 of the by-laws of the association, which provides: "Payments of ten dollars or more may be accepted and convertible receipts issued

therefor entitling the holders to interest in cash, at a rate not exceeding six per cent per annum, payable on the first day of January and July of each year, and at the option of the holder, such receipts by the surrender thereof shall be converted into the stock of the association in payment of the regular membership fees therefor."

The certificate hereinbefore set forth shows upon its face that it was not issued in strict pursuance to the authority conferred by the section just quoted. It recites that the $1,400 was *deposited*, etc. The said by-law says that when $10 or more shall be *paid*, etc. The certificate further recites that the association "reserves the right to call in the certificate at any time." No such authority is expressly or impliedly conferred by said by-law. Besides this it was proved without objection thereto that the said association had displayed in the front window of its office a sign in white enameled letters stating that it would pay for deposits six per cent interest. It was further proved that a stockholder of the association who knew that the claimant had $1,400 which she desired to loan out, told her that she could loan the same to said association and receive six per cent per annum interest thereon; that thereupon she went to the office of the association where she met its secretary to whom she made known that she had said sum of money which she desired to loan and that he told her the association would borrow it and pay her six per cent interest thereon and that thereupon she let him have the money and for which he gave her the said receipt.

The claimant by the deposit of her money did not contract for the issue to her of any of the kinds of stock which the association was authorized to issue. She did not participate in any way in the management of the association. She was in no sense a member of

the association.   She was not entitled to share in the profits of the association, nor as a stockholder had she any right to any part of its ultimate assets.   If the stockholders of the association had been subject to double liability, as under the constitution of 1865, no one would contend that the claimant was subject to such stockholders' liability.   The word "stockholder" as employed in the statute in its application to corporations must be construed to mean a member who has a direct financial interest in the business of the corporation with power to participate in the conduct of its affairs.   *Kimball v. Davis*, 52 Mo. App. 194.   In the case in hand the claimant was not a member of the association, nor had she any direct financial interest in its business nor right to participate in the management of its affairs.   It is conceded that the convertible receipts were not carried in the books of the association as stock.   It is true that by the terms of the receipt given her for her deposit she had the right, on paying the regular membership fees of the association, to convert her certificate into stock, but until she exercised this right of election it is difficult to see how she sustained any other relation to the association than that of creditor.   The association was but her debtor for money deposited until she changed that relation by electing to surrender her certificate of deposit and receive stock in place of it.

The rule is well settled that corporations can only exercise such powers as are granted to them by their charter or are necessarily implied from those expressly granted.   The statute under which the association was organized neither expressly nor by necessary implication conferred on it the power and authority of a bank of deposit or discount.   It nowhere lends countenance to the notion that associations created under its

CORPORATIONS: powers: building and loan associations.

provisions are authorized to borrow money to loan to its members or others. The exercise of this function is beyond the limits of the grant of their statutory powers.

But notwithstanding this it seems that the association did borrow the claimant's money, and the question at last is whether it is liable therefor. In *Wild v. B. & L. Ass'n*, 60 Mo. App. 200, the plaintiff loaned the association a certain sum of money for twenty days at six per cent interest; after maturity repayment was refused. The defense was that the plaintiff had accepted stock of the association for the amount for which suit was brought. The plaintiff replied that the certificate accepted was only intended to represent the amount of the indebtedness due him from the association. The plaintiff had judgment in the circuit court which was upheld by the appellate court. The nonliability of the association was not placed upon the ground that the act of the association in borrowing plaintiff's money was *ultra vires*. The power of the association to render itself liable for borrowed money was not drawn in question in the case. In *Winscott v. Investment Co.*, 63 Mo. App. 367, it was declared that the defense of *ultra vires* was not open to a corporation where the contract has been fully executed on the part of the other contracting party and is not expressly prohibited by law. And to the same effect is the following. *Dairy Co. v. Mooney*, 41 Mo. App. 665; *Welsh v. Brewing Co.*, 47 Mo. App. 608; *Glass v. Brewing Co.*, 47 Mo. 641; *Drug Co. v. Robinson*, 81 Mo. App. 18; Morawetz on Private Corporations, sec. 581; Green's Brice's Ultra Vires, p. 729, note A. 784.

The undisputed evidence discloses an executed contract on the part of the claimant. There is no

Lyman v. Harvester Co.

——: ultra vires: estoppel.

pretense that the act of the association in borrowing the claimant's money falls within any express statutory prohibition. It follows that the defense of *ultra vires* can not be invoked by the receiver to defeat the allowance and classification of the claim under consideration as that of a general creditor. The association has enjoyed the benefit of the transaction. It ought not to be heard to say: "I borrowed your money and have it in my coffers, but I am not liable for its repayment because I had no authority to borrow it of you." Common honesty would require repayment whether the contract was authorized or not. We shall accordingly reverse the decree and remand the cause with directions to the circuit court to allow and classify the claimant's claim as that of a general creditor, taking priority over the claims of stockholders in said association. All concur.