ELLETT-KENDALL SHOE COMPANY, Appellant, v. WESTERN STORES COMPANY, Respondent.

### Kansas City Court of Appeals, June 29, 1908.

1. **CORPORATIONS: Ultra Vires: Contract: Benefit: Defense.** The defense of *ultra vires* is not open to a corporation where a contract of benefit to the corporation has been fully executed by the other party and is not expressly prohibited by law.

2. ———: ———: **Guaranty: Statute: Ratification: Action.** A contract of a purely mercantile corporation guaranteeing the debt of another under the statute forbidding a corporation to engage in any business not expressly authorized in its charter, is *ultra vires* and cannot be ratified by either party since it could not be authorized by them, and no performance can give it validity or sustain an action thereon.

3. ———: ———: **Contract: Notice: Public Policy.** The doctrine of *ultra vires* arises on three distinct grounds, the obligation of any one contracting with the corporation to take notice of the legal limitations of its powers; the interest of the stockholders not to be subject to risks which they have never taken and the interest of the public that the corporation shall not transcend the powers conferred upon it by law.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

132 App—33

*Ed. E. Aleshire, R. T. Herrick* and *S. S. Gundlach* for appellant, filed argument.

*Gage, Ladd & Small* for respondent.

(1) The directors of the Western Stores Company never authorized the guaranty. A person holding all but two of the shares of stock of a corporation, and being also president, treasurer and general manager, cannot lawfully mortgage its property without authority of its board of directors. England v. Dearborn, 141 Mass. 590; Jones v. Williams, 139 Mo. 75. Much more is this true if the act is an *ultra vires* one. (2) Section 7, article 12, of the Constitution of Missouri, provides: "No corporation shall engage in business other than that expressly authorized in its charter, or the law under which it may have been or hereafter may be organized." Art. 8, ch. 42, R. S. 1889; R. S. 1889, sec. 2508; R. S. 1899, sec. 971; R. S. 1889, sec. 2768; R. S. 1899, sec. 1312. (3) The guaranty of the Western Stores Company was *ultra vires* and void. Bank v. Stoneware Co., 2 Mo. App. 299; Bank v. Bank, 173 Mo. 153; Hotel Co. v. Furniture Co., 73 Mo. App. 137; State ex rel. v. Lincoln Trust Co., 144 Mo. 586; Kansas City v. O'Connor, 82 Mo. App. 655; Anglo-American Co. v. Lombard, 132 Fed. 736, 741-743; Scott v. Bankers' Union, 85 Pac. 604, 73 Kan. 575; Bank v. German-American Co., 116 N. Y. 281; Bank v. Snyder Mfg. Co., 117 N. Y. (App. Div.) 370, 102 N. Y. Sup. 478; Bank v. Kennedy, 167 U. S. 362. This was decided in Connecticut as early as 1825. Insurance Co. v. Eby, 5 Conn. 560. (3) Plaintiff cannot ask for or take a guaranty it is presumed to know is *ultra vires,* and then come into court and say that just because it relied on that guaranty— a rope of sand—the fruit of its own negligence and carelessness—and parted with its goods on the strength of it, and ask the court to enforce a guaranty which it knew the party making it had absolutely no authority to make.

JOHNSON, J.—Action brought before a justice of the peace on a contract of guaranty signed by defendant, a business corporation, incorporated in 1897, under article 8, chapter 42, Revised Statutes 1889. A jury was waived in the circuit court where the case was taken by appeal and judgment was entered for defendant. Plaintiff appealed.

There is no serious controversy over the facts. Plaintiff, a corporation, is a wholesale merchant in Kansas City. The Joplin Co-operative Stores Company, another corporation, was a retail merchant at Joplin and in May, 1906, applied to plaintiff for credit on a bill of merchandise it desired to purchase. Plaintiff required security and the Joplin company offered defendant as guarantor. Plaintiff's creditman then telephoned Mr. Shelley, the president of defendant company, and was informed that defendant was willing to guarantee the payment of the account. Thereupon the following written instrument was executed and delivered by defendant to plaintiff..

"Dated this 18th day of May, 1906.
"Ellett-Kendall Shoe Company,
"Kansas City, Missouri.

"For and in consideration of the sum of one ($1.00) dollar to me in hand paid, the receipt of which is hereby acknowledged, and in consideration of my desire to give Joplin Co-Op. Store Co. credit with you, I hereby authorize you to give them credit for all bills of goods which they may purchase of you until I notify you in writing to the contrary, limit of $1,000. I hereby agree to pay said bills at such time after maturity thereof as you may notify me of any failure on their part to pay same. I waive notice of your acceptance of this guaranty, and of any and all sales and shipments made by you to said Joplin Co-Op. Store Co., and you may,

without notice to me, extend time of payment from time to time and take time notes therefor.

"WESTERN STORES CO.

"By GEO. M. SHELLEY, Pt."

Plaintiff then sold and delivered the merchandise to the Joplin company ,and being unable to collect the account (of $289.07) from that company when it matured, demanded payment of defendant and followed the refusal of the demand with the bringing of this suit. No formal answer was filed but the defense urged in the circuit court and here is that the attempt of defendant to guarantee the account was *ultra vires* and void. As before stated, defendant was incorporated under the statutes relating to manufacturing and business companies. Its articles of incorporation state: "This corporation is formed for the purpose of buying, selling and exchanging goods, wares and merchandise of every description." Its capital stock is $100,000, divided into one thousand shares of the par value of $100 each, all except two of the shares being owned by Geo. M. Shelley, its president. Its board of directors is composed of three members and it appears that the execution of the contract under consideration was not authorized or ratified by the board in any manner. At the time of the transaction with plaintiff, the Joplin company was a customer of defendant and was indebted to it in a large amount. Defendant received no consideration for the guarantee, but gave it as an accommodation to its customer.

If this were a case where the defendant corporation had entered into an *ultra vires* contract which had for its object the conferring of some benefit on the corporation and the contract had been executed by the other party, the decisions in this State relied on by plaintiff would be in point. In such cases it has been said on a number of occasions that "The defense of *ultra vires*

is not open to a corporation where the contract has been fully executed on the part of the other contracting party and is not expressly prohibited by law." [Grohmann v. Brown, 68 Mo. App. 630; City of Goodland v. Bank, 74 Mo. App. 365; Winscott v. Investment Co., 63 Mo. App. 367.] The case in hand belongs to a different class and is controlled by a different rule. Here the contract was in no sense for the benefit of defendant and was executed solely for the benefit of another. No charge of fraud or *mala fides* is lodged against defendant nor is any shown in the evidence. Consequently, while the fact that the Joplin company was a customer and debtor of defendant doubtless influenced Mr. Shelley to sign the contract, it did not constitute a consideration, in the legal meaning of that term, for the execution of the contract by the corporation.

That the contract is *ultra vires* is manifest: Section 2805, Revised Statutes 1889, expressly provides "that no corporation shall engage in business other than that expressly authorized in its charter or the laws under which it may have been or may hereafter be organized." Defendant had no authority under its charter, either express or implied, to sign accommodation paper, or to become surety or guarantor for another. "A contract of a corporation which is *ultra vires* in the proper sense, that is to say, outside the objects of its creation as defined in the law of its organization and, therefore, beyond the powers conferred upon it by the Legislature, is not voidable only but wholly void and of no legal effect. The objection to the contract is not merely that the corporation ought not to have made it but that it could not make it. The contract cannot be ratified by either party, because it could not have been authorized by either. No performance on either side can give the unlawful contract any validity, or be the foundation of any right of action upon

it." [Central Trans. Co. v. Pullman Palace Car Co., 139 U. S. 59, 60.]

There is no consideration of equity which may be invoked successfully by plaintiff to relieve it from the operation of the principle quoted. Not only was the contract devoid of any benefit to defendant and, therefore, clearly extrinsic to the purposes of its creation, but plaintiff must be presumed to have known of the limitations of the powers defendant might exercise under its charter and, therefore, must be said to have entered knowingly into an *ultra vires* contract. We find in McCormick v. Bank, 165 U. S. 538, a statement of the doctrine of *ultra vires* very pertinent to the situation before us. "The doctrine of *ultra vires,* by which a contract made by a corporation beyond the scope of its corporate powers is unlawful and void and will not support an action, rests, as this court has often recognized and affirmed, upon three distinct grounds: The obligation of anyone contracting with a corporation to take notice of the legal limits of its powers; the interest of the stockholders not to be subject to risks which they have never undertaken; and, above all, the interest of the public that the corporation shall not transcend the powers conferred upon it by law."

The last of these reasons by far is the strongest. Considerations of public safety imperatively demand that corporations of all classes be held strictly within the limits of their charter rights and powers and that their unlawful contracts be pronounced void in all cases except those falling within the principle that "A man who enjoys a privilege has no right to say that because he ought not to have enjoyed it he will not pay for it." [City of Goodland v. Bank, 74 Mo. App. 365.] The contract under consideration is void and cannot serve as the foundation of a cause of action. The views expressed and conclusion reached are supported abundantly by

authority. [Bank v. Stoneware Co., 2 Mo. App. 299; Bank v. Bank, 173 Mo. 153; The Newland Hotel Co. v. Furniture Co., 73 Mo. App. 135; State ex rel. v. Lincoln Trust Co., 144 Mo. 562; Kansas City v. O'Connor, 82 Mo. App. 655; Anglo-American Co. v. Lombard, 132 Fed. 721; Scott v. Banker's Union, 85 Pac. 604; 73 Kan. 575; Bank v. German-American Co., 116 N. Y. 281; Bank v. Snyder, 117 N. Y. 370; Bank v. Kennedy, 167 U. S. 362; Insurance Co. v. Eby, 5 Conn. 560.]

The judgment is affirmed. All concur.