### BARRYMORE et al. v. KEMP et al. *

### SAME v. WEILER et al.

### Nos. 6922, 6972.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1934.

*Rehearing denied April 13, 1934.

.Zach Lamar Cobb and Earl A. Little-johns, both of Los Angeles, Cal., for appellants.

H. W. O'Melveny, Walter K. Tuller, and Louis W. Myers (of O'Melveny, Tuller & Myers), of Los Angeles, Cal., for appellees.

Before WILBUR, and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

There is presented upon these appeals the question of law whether appellants are entitled to priority, over investment certificate holders, as claimants against the defendant Guaranty Building & Loan Association, in the payment of the respective amounts allowed them by the court below with 7 per cent. interest.

The appellee Guaranty Building & Loan Association of Los Angeles was incorporated May 3, 1921, as a building and loan association pursuant to the provisions of title 16 of the Civil Code of California (section 633 et seq.), as revised in 1907 (St. Cal. 1907, p. 923). The articles of incorporation provide for a guarantee capital stock of $500,000 divided into 5,000 shares of the par value of $100 each (increased in 1930 to $2,000,000) and that additional working capital may be accumulated by the issue of membership shares, units, or certificates in the manner provided in said title. There were issued 4,-000 shares of the guarantee capital stock of the par value of $400,000 all of which was outstanding at the date of the appointment of the receiver herein; 656 full paid membership shares of the par value of $100 each, and 429 installment membership shares, the amount paid in upon all said membership shares being the sum of $75,827.91. There were also issued and outstanding at the date of the appointment of the receiver investment certificates of various classes representing in the aggregate the sum of $20,018,022.-85. The association had incurred or become obligated to pay to other creditors, regarded as general or so-called merchandise creditors, an undetermined sum aggregating approximately $2,000,000.

On March 30, 1926, appellant John Barrymore, acting through his authorized agent Henry Hotchener, offered to deposit with the association the sum of $50,000, and other sums of money, on condition that he be allowed to withdraw from said deposit amounts of $10,000 or more on sixty days' notice to said association, and on the further condition that he be paid interest at the rate of 7 per cent. per annum on said deposits. Appellant was then informed by the secretary of the association, Gilbert H. Bessemyer, that it would be necessary to have such offer accepted and such agreement ratified by the board of directors of the association, such ratification and acceptance to be evidenced by letter signed by the proper officers and bearing the corporate seal.

On March 30, 1926, claimant deposited with the association the sum of $50,000 on the understanding that he should receive the letter described by Bessemyer, and was given a passbook of the association in the name of John Barrymore, there being entered therein the deposit of $50,000. On the first page of the passbook was printed and written a passbook investment certificate, executed by the president and assistant secretary of the association, upon the printed form customarily used by the association for the issuance of passbook investment certificates, and which in all respects except two was identical with other such passbook investment certificates commonly issued by the association. The two exceptions were that in the printed provision providing for the payment of interest at the

rate of 6 per cent. per annum the figure 6 was changed with a pen to make it read 7; and in the provision that "partial or full withdrawals may be made upon 30 days' written notice" the figure 3 was changed with a pen to the figure 6. Each of such changes was attested by the initials of Bessemyer.

At the time of the transaction Bessemyer explained to Hotchener that "to give 7 per cent. interest on that amount and on subsequent amounts was outside the course of business or authority of himself and the officers who usually accepted money and that to grant it he would have to have a meeting of the board which would ratify his agreement and certify to it by a letter signed by the proper officers and with the seal imprinted on the letter."

On April 2, 1926, claimant John Barrymore received a letter on the letterhead of the association, and having the seal of the association thereon, signed by the vice president and secretary of the association, reading:

"Referring to your Special Account, No. 8706, of $50,000.00, will state that this account will receive 7% and is subject to withdrawals in amounts of $10,000.00 or more upon 60 days' notice."

Thereafter from time to time claimant deposited further sums with said association, and from time to time withdrew portions of said sums under the agreement. Every six months the account was credited with interest at the rate of 7 per cent. per annum upon the daily balances.

Subsequent to April 2, 1926, claimant Dolores Costello Barrymore, through her agent Henry Hotchener, deposited the sum of $25,000 with said association, subject to the same terms and conditions as those pertaining to the claim of John Barrymore, and from time to time thereafter deposited further sums with the association, and from time to time withdrew portions of sums from said account; interest was credited semiannually at the rate of 7 per cent. per annum to the account by the association.

Subsequent to April 2, 1926, claimants Henry Hotchener and Marie R. Hotchener deposited a sum of money with the association subject to the same terms and conditions as those pertaining to the claim of John Barrymore, and thereafter deposited further sums from time to time with the association under the same terms and conditions, and withdrew portions of said sums from time to time; interest was credited to said account semiannu-

ally by the association at the rate of 7 per cent. per annum.

The minutes of the meetings of the board of directors of the association do not show any resolution or other action by the directors regarding the accounts of said claimants, or any of them. Under date of January 13, 1927, the minutes of the board of directors contain the following resolution:

"Whereas, interest at 6% on Term Accounts and 5% on Temporary Accounts were credited to the accounts of the association as of January 1, 1927,

"Be it Resolved that the action of the Secretary and Manager, Gilbert H. Bessemyer, in the crediting and paying of said interest be, and is hereby, ratified."

Subsequent minutes contain equivalent resolutions for succeeding periods.

The minutes of the board of directors under date of February 7, 1929, contain the following statement:

"The Secretary read a letter from George S. Walker, the Building and Loan Commissioner of the State of California, ordering the discontinuance of full paid investment certificates after February 1, 1929, promising more than six per cent per annum thereon. The Secretary reported that this association had long ago discontinued the issuance of seven per cent investment certificates."

On December 12, 1930, the association failed to open for business and was taken over on that day by the then building and loan commissioner of California. December 23, 1930, A. N. Kemp was appointed receiver of the association. Appellants filed their claims with said receiver, based on 7 per cent. loans to the association under the terms of the written agreement contained in the letter from the association to John Barrymore, dated April 2, 1926.

February 9, 1931, a special master was appointed. The special master made and filed his findings of fact and conclusions of law on January 26, 1932, and held that appellants were "owners of passbook investment certificates in said association," allowed the 7 per cent. interest rate, and fixed the respective amounts due as follows:

John Barrymore............... $94,525.82
Dolores Costello Barrymore..... 59,525.82
Henry Hotchener and Marie R.
Hotchener ................... 5,428.84,
to be paid pro rata, without priority.

The appeal in case No. 6922 is from the decree of the District Court, dated February

20, 1932, approving the report of the special master, and disallowing appellants' claim of priority. The appeal in case No. 6972 is from the decree of final distribution dated July 1, 1932, and embodies the same questions involved in case No. 6922.

Appellants' contentions on these appeals may be summarized as follows:

(1) That each and all of the sums involved, as represented by the respective balances found due these claimants, were delivered by them, respectively, and accepted by said association, upon the contract terms expressed in said letter of April 2, 1926.

(2) That the said funds were received by said association, as money had and received, as distinguished from money deposited on investment certificates; and

(3) That these claimants, respectively, were creditors ab initio, of the said association, for the respective amounts found due them.

(4) That these claimants, as general creditors ab initio, for money had and received, are entitled to priority over investment certificate holders of all classes, in the distribution of the assets of the association.

The by-laws made material distinctions between the rights and obligations of the holders of membership shares or certificates and the holders of investment certificates. Holders of membership shares or certificates are required to sign the by-laws and are members of the association with the obligations and rights of members of a corporation, and, at any time, upon 60 days' notice, might withdraw their investments and accrued and unpaid limited dividends (also termed "interest") upon the conditions named. On the other hand, holders of investment certificates are declared not to be members; have none of the rights, powers, or liabilities incident to membership or the holding of stock in a corporation; have no right to participate in the affairs of the association by way of voting or otherwise, and the only profit they should derive is interest (also termed "dividends") on their investment certificates, and may, after one year and upon 30 days' notice require repayment of the amounts represented by their investment certificates and accrued and unpaid interest, under the conditions named.

■ The contention of appellants that their relationship to the association is to be determined by the letter of April 2, 1926, clearly cannot be sustained. The transaction between appellant John Barrymore and the association was completed on March 30, 1926, subject only that it was required to be "ratified" by the board, and, in addition, such ratification was to be certified by a letter signed by the proper officers with the corporate seal impressed thereon.

It is true that the record does not disclose a meeting of the board at which the action of the secretary, Bessemyer, respecting interest rate and notice of withdrawals varying from passbook investment certificates as commonly issued by the association was specifically ratified.

It does appear, however, that for more than four years thereafter, Mr. Barrymore kept his account alive, making frequent deposits therein and withdrawals therefrom. Every six months, throughout this period, the account was credited with interest at the rate of 7 per cent. per annum upon the daily balances. The total number of deposits to and withdrawals from this account during that period is not shown in the evidence but the last ledger sheet of this account, covering the period from June to December, 1930, is in evidence showing that during this period of six months Mr. Barrymore made two deposits and received two credits of interest aggregating approximately $80,000 and in the same period of time made eleven withdrawals of various sums aggregating $116,000.

The contract was made March 30, 1926, and was reduced to writing on that date and embodied in the passbook investment certificate which was issued on that date executed by the officers of the association and delivered to appellant John Barrymore. That contract was complete in all of its terms. It left nothing for future negotiation or agreement between the parties. It is true that it was required to be ratified by the board of directors before it should become binding upon the association but the contract which was to be thus ratified was the contract which was agreed upon on the 30th of March, 1926, between Bessemyer acting for the association and Hotchener acting for the appellants. The letter of April 2d was nothing more or less than what it purported to be, to wit, evidence of the fact that the contract of March 30th had been ratified by the board of directors.

■■ The association having received and retained appellants' money is estopped to deny the validity of the investment certificates issued to them. Appellants having received, accepted, and for more than four years retained, without objection, the investment certificates issued to them are likewise

estopped to deny the validity of such certificates. 1 Mechem on Agency (2d Ed.) § 509.

The finding that appellants are investment certificate holders or depositors of the respondent association is supported by the evidence. As such they are creditors of the association and entitled to share pro rata only with other general creditors on a distribution of the assets of the association. Endlich, Building and Loan Associations (2d Ed.) § 56; Criswell's Appeal, 100 Pa. 488; In re National Building, Loan & Provident Association, 12 Del. Ch. 93, 107 A. 453; State v. Scarpaci, 86 Mo. App. 301; Grohmann v. Brown, 68 Mo. App. 630; Bettle v. Republic Sav. & Loan Ass'n, 71 N. J. Eq. 613, 64 A. 176; Cook v. Equitable Bldg. & L. Ass'n, 104 Ga. 814, 30 S. E. 911; Cashen v. Southern Mutual Bldg. & L. Ass'n, 114 Ga. 983, 41 S. E. 51; Parker v. Heald, 29 App. D. C. 35.

Decrees affirmed.